JAMES HARVEY *v.* CALEB B. HALL.

An infant, under the age of twenty one years, cannot be specially authorized to serve mesne process, by the magistrate signing it.*

Form of a sufficient plea in abatement, in such case.

TRESPASS for assault and battery and false imprisonment. The writ was made returnable to the county court, and was signed by F. W. Hopkins, Clerk, and was directed to John F. Knight, Jr., to serve and return, and was served by him. The defendant pleaded in abatement, as follows.

" And now comes the above named defendant, by Foot & Hodges, " his attorneys, and prays judgment of the writ in the above entitled " cause, *and says*, that the same ought to abate, because he says " that the said writ was served upon him on the tenth day of " August, 1847, by John F. Knight, Jr., a person authorized to " serve and return the same by F. W. Hopkins, as clerk of this " court, and the authority who signed said writ, by delivering " to this defendant an attested copy thereof;—without this, that " the said writ was served by any other person, or in any other " manner. And the said defendant farther says, that the said John " F. Knight, Jr., so authorized as aforesaid, was, at the time of the " service thereof as aforesaid, a minor, within the age of twenty " one years, and, as such, incompetent by law to make service or " return thereof. Wherefore he prays judgment of the said writ, " that it may be quashed, and for his costs."

To this plea the plaintiff demurred. The county court, November Term, 1847,—HALL, J., presiding,—adjudged the plea insufficient. Exceptions by defendant.†

*S. H. Hodges* and *S. Foot* for defendant.

The writ should abate, having been served only by a minor, specially appointed by the magistrate signing it. A person thus appointed is thereby created an officer, independent of all other authority, and is alone responsible for his proceedings. For many of

---

* See *Barrett* v. *Seward*, *ante*, page 176.

† A trial was subsequently had upon the general issue, at the April Term, 1849, of the county court, and exceptions were taken, which were fully argued by counsel in the supreme court; but as the case was determined upon the plea in abatement, it is unnecessary to state them.

them an infant could not be holden,—as for the avails of property sold upon a writ, when the defendant recovers in the action. *Tyler* v. *Tyler*, 2 Root 519. *Abbott* v. *Kimball*, 19 Vt. 551. An infant cannot hold an office, which concerns the administration or execution of justice, and the appointment is void; 5 Com. Dig., Tit. Officer B 5; Lilly's Rep. 39, cited 2 Mass. 122; nor one of responsibility and trust; *Claridge* v. *Evelyn*, 5 B. & A. 81, [7 E. C. L. 32;] *Cuckson* v. *Winter*, 2 M. & R. 313, [17 E. C. L. 306;] nor one which requires the taking of an oath; 3 Com. Dig., Tit. *Enfant* C 1; *Rex* v. *Carter*, Cowp. 220; March 92, cited 3 Bac. Abr. 585. As to the form of the plea see *Evarts* v. *Georgia*, 18 Vt. 15.

*Thrall & Smith* for plaintiff.

The plea admits the fact, that the special deputation was made by the clerk, who is the officer of the court, and in this acts for and as the court. The authorization was a judicial act of the court; the general qualification and the peculiar fitness of the person, to whom the writ was directed, for this particular case, and the necessity of the occasion were all judicially passed upon, and the matter cannot be afterwards or elsewhere traversed, or questioned. Rev. St. 180, § 7. *Kelly* v. *Parris*, 10 Vt. 263. *Kellogg ex parte*, 6 Vt. 509.

The plea is defective. It does not show, that service was not made by John F. Knight, Jr., by copy &c., after he became of age. The writ and return are not referred to by the plea. 9 Vt. 349.

The opinion of the court was delivered by

REDFIELD, J. The first question in this case is, whether an infant is a competent person to be deputed, by the authority signing a writ, to serve it? It is certain, that such person is not competent to perform any judicial office, which it might sometimes be necessary for him, in such case, to do. It is clear, too, I suppose, that such person is not liable to the defendant for any injury he might sustain, either for misfeasance, or nonfeasance, for a false return, or for not keeping the property with care, or for refusing to take bail, &c. In such a case he has no principal to be made liable for his default in these particulars. Hence, although we are aware, that such a practice may, to some extent, have prevailed in the state,

perhaps, at some periods, we are inclined to regard it as against good policy and sound principle, and to hold, that such person is not competent to execute such an appointment, and, of course, that the justice cannot appoint him. It is beyond the limit of his discretion.

The form of the plea is good. It is alleged, that it was served by a person, naming him, who was an infant, without this, that it was served by any other one, or in any other manner. This is equivalent to denying, that there was any other service. This makes it unnecessary to inquire into any other part of the case.

I should myself have preferred to hold it within the discretion of the justice, whether, or not, he would appoint an infant to serve a writ. Knowing very well, that, in practice, such an extension would not be attended with any serious evil consequences, and believing, that the difference between a service, made by an infant, when specially deputed by the sheriff,—which this court have held sufficient,—and by the authority signing the writ, is really one of *form*, more than of *substance*, and one which common minds, and the unprofessional, will fail fully to appreciate, I should greatly have preferred, that both questions should have received the same determination ; but I am not insensible to the force of the technical reasoning, which is deemed invincible by my brethren.

Judgment reversed, and judgment that the writ abate.