I. J. VAIL, ASSIGNEE, *v.* GEORGE W. ROWELL AND TRUSTEE, ST. ALBANS IRON & STEEL WORKS, AND GEORGE W. BARNES, CLAIMANT.

*Trustee. Claimant. Service by an Infant Void. Plea in Abatement. Evidence. Return. Justice of the Peace.*

1. An infant cannot be specially authorized to serve a writ, by the magistrate signing it; and if so served it is ground for plea in abatement.
2. When a writ is served by an infant on the trustee, and afterwards by a sheriff, on the trustee and principal defendant, and no return is made on the writ by the infant, until after the justice trial, and appeal to the County Court, *parol evidence is admissible to prove when the return,* so made by the infant, *was placed upon the record.*
3. In such a case, it cannot be claimed that the plea was not seasonably interposed.
4. Such a return has no effect; and a claimant can take advantage of it before a commissioner.
5. After trial and appeal, a justice of the peace has no power to allow an endorsement of such a return upon the record.*

THIS case was heard at the September Term, 1879, on the report of the commissioner; ROYCE, J. presiding.

The court, *pro forma*, adjudged the trustee liable for the sum of $42.73. The plaintiff sued out his writ October 26th, 1878; and it was served on the trustee Oct. 28th, by one Hibbard, a minor, who was authorized to serve it, by the magistrate signing it. The writ was returnable the last Monday of November, 1878; but the trial was continued by agreement till the 2d day of December, 1878. Barnes entered as claimant. On Nov. 18, 1878, the same writ was placed in the hands of a deputy sheriff, who served it the same day on the trustee, and principal defendant. A valid assignment of the funds due the defendant was made to Barnes, and notice thereof given to the trustee, October 30th, 1878. On the same day the attorneys for the trustee sent a disclosure to the attorneys of the plaintiff, that there were due $42.73 to the defendant. This disclosure was signed only by the attorneys; and it was their custom to disclose as soon as they received a copy of the writ from their client, and then, if any mis-

---

* See *Mosseaux* v. *Brigham,* 19 Vt. 457.—REP.

take, to appear on court day, and have it rectified. The said Hibbard made no return on the writ until after the trial in the Justice Court, and the appeal to the County Court, by the claimant. . But between the appeal and entry in the County Court, a return (in addition to the regular return of the said sheriff) was written upon the writ, showing service upon the trustee by said Hibbard, which return was dated, October 28th, 1878, signed and sworn to.

The plaintiff's attorneys seasonably objected to the admission of any evidence tending to impeach or attack the service made by Hibbard ; because (they claimed) such defect, if any, was cured by the appearance of the trustee, without objection ; that such defect could only be taken advantage of by plea in abatement; and that only by the principal defendant.

*Davis & Stevens*, for the plaintiff.

A summons is only a notice ; and the copy in this case gave full notice of the time and place of trial, and that the rights and credits of the defendant in the hands of the trustee were sequestered. This was sufficient. *Collins* v. *Merriam*, 31 Vt. 622.

Even if the service was defective, the defect was only matter of abatement and could only be objected to by plea by the defendant or trustee, not by the claimant. He cannot object to the service or make any dilatory plea. *McKenzie* v. *Ransom et al.*, 22 Vt. 324 ; *Hutchinson* v. *Bigelow et al.*, 23 Vt. 504.

*Noble & Smith*, for trustee and claimant.

The service was illegal and void. 17 E. C. Law, 306 ; 1 Swift Dig. 589 ; *Harvey* v. *Hall*, 22 Vt. 211. No plea in abatement was necessary. A full and complete defence is open to the claimant. *Hutchinson* v. *Bigelow*, 23 Vt. 504 ; *Boutwell* v. *McClure*, 30 Vt. 674.

The opinion of the court was delivered by

Powers, J. Hibbard being a minor could not legally serve the plaintiff's writ. *Harvey* v. *Hall*, 22 Vt. 211.

If Hibbard's return of service had been endorsed upon the writ on its return day, opportunity would have existed for a plea

in abatement for his defective service. But at that time the only service shown by the process was a legal service made by the sheriff. Nothing therefore pleadable in abatement on this score existed.

The endorsement of Hibbard's return after the judgment of the justice, and after the appeal therefrom to the County Court, gave the plaintiff no better standing than he had before. The justice had no power to permit the endorsement of this return, as the record had then gone beyond his control, and no pretence is made that the County Court authorized it. It seems to have got on to the process during its journey from one court to the other, probably through the negligence of the " carrier."

The return then cannot be held to validate the service of Hibbard, on any theory that a plea in abatement was not seasonably interposed. Proof, showing the time when it was endorsed upon the writ, was properly received ; and upon such proof the return should be held as having no effect,—as having no place on the record. The assignment to Barnes, the claimant, is found to be *bona fide* and legal, and we think should be upheld.

The judgment is reversed, and judgment rendered that the claimant recover the funds in the hands of the trustee with cost, and that the trustee be discharged.