## PATTERSON *v.* KENNEDY.

1. LAW OF FOREIGN JURISDICTION—SUMMONS—SERVICE BY INFANT
   —LEGALITY—HOW SHOWN.

   In the absence of reported cases showing the law of a foreign
   jurisdiction respecting the validity of a service of summons
   by an infant, such service may be upheld in our courts, in an
   action on a judgment rendered in such jurisdiction, upon the
   testimony of an attorney there residing that it accords with
   the common practice.

2. SAME—DIRECTING VERDICT—APPEAL—REVERSAL.

   On plaintiff's appeal from a judgment for defendant on verdict
   directed by the court, where it appears that there was testi-
   mony entitling him to go to the jury, on the main point
   in controversy, the court will not feel constrained to af-
   firm the judgment because of a defect in the proofs which
   might have been supplied had attention been called to it
   at the trial. So *held* where the action was on a foreign
   judgment, the entry of which was signed by a person a
   "clerk," when the rule of practice in the foreign jurisdic-
   tion required such entries to be signed by a register, local
   register, deputy register, or deputy clerk of the crown, and
   the variance was first suggested on appeal.

Error to Wayne; Aldrich, J., presiding. Submitted
November 16, 1899.   Decided December 12, 1899.

*Assumpsit* by James C. Patterson and others against
Thomas J. Kennedy upon a foreign judgment. From a
judgment for defendant on verdict directed by the court,
plaintiffs bring error.   Reversed.

*Walters, Humphrey & Walters*, for appellants.

*Edwin Henderson*, for appellee.

MONTGOMERY, J.· This was an action on a judgment
entered in the county court of the county of Essex, in the
province of Ontario.   The judgment was entered by the
clerk under authority of rules of practice obtaining in

Ontario, which were adopted by statutory authority. The plaintiffs gave in evidence this judgment, and also called as a witness John Angus Campbell, who testified that he served the summons in the original case, and made affidavit of service, and that at the time of such service he was of the age of 19 years. The defendant testified that no such service was made upon him, and that he was not at the time of the purported service a resident of or in Essex county. The circuit judge withdrew all questions of fact from the jury, and directed a verdict for the defendant, on the ground that the service of the summons in the original case by a minor was invalid, and that the Canadian court obtained no jurisdiction of the defendant.

Plaintiffs called as a witness Mr. John L. Murphy, a barrister and solicitor engaged in practice in Windsor, who testified that, under the practice in Ontario, a service of a summons may be made by any literate person of sufficient discretion, and that there is no requirement, either by statute or in practice, that the service of process be by one above the age of 21. A criticism is made of this testimony on the ground that no reported Canadian case is introduced or cited showing that the practice is as stated. We are not prepared to say, however, that a continued practice may not be considered as establishing the rule in a particular jurisdiction, in the absence of any adverse holding. The testimony of the witness at least tended to show that the service of this writ was within the practice, and no Canadian case is cited condemning such practice. The rule of the common law has been differently interpreted in the various courts of the United States. In Connecticut and Vermont the courts have adopted the rule contended for by the defendant. *Tyler* v. *Tyler*, 2 Root, 519; *Harvey* v. *Hall*, 22 Vt. 211. In New Hampshire, Kansas, and South Carolina the rule contended for by plaintiffs prevails. *McCracken* v. *Todd*, 1 Kan. 169; *Moore* v. *Graves*, 3 N. H. 408; *Bell* v. *Pruit*, 51 S. C. 347. See, also, 1 Tidd, Prac. 168. Without deciding which rule should be adopted in this case, we hold that

the testimony tending to show a course of practice in the Canadian courts which recognizes the validity of a service by an infant is competent, and that the present case should have gone to the jury.

The point is made by the appellee that the judgment was not attested by the proper officer. The rule of practice obtaining in Ontario provides that the judgment shall be drawn up and signed by a register, local register, deputy register, or deputy clerk of the crown. The entry in this case is signed by "Frank E. Marcon, Clerk." Mr. Marcon was called as a witness, and testified that he was, at the time of testifying, a deputy clerk of the crown, clerk of the county court, etc. It is, perhaps, not an unfair inference that, as deputy clerk of the crown, he is *ex officio* clerk of the county court. However this may be, it does not appear that this criticism of the judgment was made on the trial, and we are not disposed to deprive the plaintiffs of their opportunity to be heard in the circuit on this question. If there be a defect in proof simply, it can be supplied on a new trial, as might have been done on the first trial if attention had been called to the alleged defect. *Findlay* v. *Railway Co.*, 106 Mich. 700.

Judgment is reversed, and a new trial ordered.

The other Justices concurred.