## GILSON *et al.* v. KUENERT.

1. Service of summons by a minor who is an unofficial person is not good, under Comp. Laws, § 4899, providing service may be by the sheriff or any other person not a party to the action.

2. Right to have action dismissed because the summons was served by a minor is not waived by an immaterial cross-examination of the person serving the summons, as to his citizenship and occupation, by defendant's counsel, who appeared specially to move for dismissal for want of jurisdiction.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Clark county. HON. JULIAN BENNETT, Judge.

Action by T. R. Gilson and another against Joseph Kuenert. Judgment for defendant. Plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*C. G. Sherwood,* for appellants.

*George C. Berry,* for respondent.

FULLER, J. An unofficial person under the age of 21 years served the summons on the defendant in this action, and plaintiffs appeal from an order of the circuit court affirming the action of a justice of the peace in dismissing the case for the want of jurisdiction.

While without express limitation, Section 4899 of the Compiled Laws provides that "the summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action," the legislature never intended to authorize such service by one who may avoid liability on account of infancy. In the absence of every other consideration, the financial injury that a false return may occasion makes it absolutely necessary to select at least a person who has arrived at the age of legal responsibility.

Upon the theory that a sheriff is answerable for the misfeasance or nonfeasance of a deputy whom he selects to perform the duties of a public office, it has been held by some courts that a deputy so selected may be under the age of 21, but such decisions are not applicable to cases where there is no principal to be made liable for the mischief or default of an infant. The following authorities hold in the absence of a statute prescribing qualifications, that a person who serves a summons must not be under 21 years of age: Vail v. Rowell, 53 Vt. 109; 19 Enc. Pl. & Prac. 593, and cases there annotated. As such a practice is not authorized by law, and might be attended with serious consequences, the ruling complained of is clearly within the spirit of the statute, and the principles of sound public policy.

An attorney's special appearance for the purpose of moving to dismiss the action for the want of jurisdiction was the only response to the summons made by the defendant, and an immaterial cross-examination of the person who served the summons, as to his citizenship and occupation, was no waiver of defendant's right to have the action dismissed.

The judgment appealed from is affirmed.