In the Matter of the Estate of JOHN TASANEN, Deceased; DIAMOND COAL & COKE COMPANY, a Corporation, Appellant, v. UTAH SAVINGS & TRUST COMPANY, a Corporation, and Others, Respondents.

No. 1402.    (71 Pac. 984.)

1. **Appointment of Administrator: Right to Attack Appointment: Waiver of Objection: Demurrer.**

Under Revised Statutes 1898, section 3778, providing that the provisions of the Code of Civil Procedure shall apply to probate proceedings, a failure to demur below to a petition to set aside the appointment of an administrator is a waiver of the objection that under section 3303, providing that any party to a judgment or decree may appeal therefrom, the petitioner can not appeal from a denial of his petition, because not a party to the probate proceedings.

2. **Finality of Order: Appeal.**
   The denial of a petition to set aside the appointment of an administrator is a final order, and appealable.[1]

3. **Appointment of Administrator: Non-Resident Decedent: Want of Assets.**
   Under Revised Statutes 1898, section 3774, authorizing administration for the estate of non-resident decedents leaving assets in the State, and also "in all other cases, in the county where application for letters is first made," an administrator is properly appointed for the estate of a non-resident decedent though he left no property within the State.

(Decided March 23, 1903.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp,* Judge.

Petition by the appellant to set aside the appointment of the trust company as administrator of the estate of John Tasanen, deceased. From an order denying the petition, the petitioner appealed.

AFFIRMED.

*Messrs. Richards & Ferry* for appellant.

*Charles C. Dey, Esq., W. L. Maginnis, Esq.,* and *W. H. Bramel, Esq.,* for respondents.

BOOTH, District Judge.—This case comes up on appeal from the district court of the Second Judicial District from an order refusing to set aside the appointment of the respondent as administrator of the estate of John Tasanen, deceased. The record shows that John Tasanen was killed in the coal mine of the Diamond Coal & Coke Company, a Utah corporation operating the coal mine in Uinta county, Wyom-

---

[1] Wilson v. Meyer, 23 Utah 529; 65 Pac. 488.

ing; that John Mestas was appointed administrator of the estate of said deceased in Uinta county, Wyoming, and he petitioned for the appointment of respondent as administrator of the estate of said deceased in Utah, which appointment, after due and legal notice, and no objection being made thereto, was made on August 17, 1901. On February 5, 1902, the appellant filed in said court a petition to set aside the order of appointment, alleging, after stating other preliminary facts, as follows: "(6) That the only grounds for the appointment of said administrator by this court, as set forth in the petition filed herein, are as follows: First, a claim against this petitioner for wages; second, an alleged cause of action for the death of said intestate by the alleged wrongful act of this petitioner at Diamondville, State of Wyoming." An agreed statement of facts was filed, as follows: "John Tasanen was in the employ of the Diamond Coal & Coke Company from December 5, 1900, to February 25, 1901, the date of his death. That all sums due for his services rendered prior to February 1, 1901, were paid to him. That during the time said Tasanen was in the employ of said company said company was engaged in the operation of a coal mine at Diamondville, Uinta county, Wyoming, at which place the deceased died on February 25, 1901. That said John Tasanen was employed by said company as aforesaid as a coal miner at Diamondville, Wyoming, and received pay for his services at said place, to-wit, Diamondville, Uinta county, Wyoming, where said company paid all of its employees working in its said mine. That on the 13th day of April, 1901, at Diamondville, Uinta county, Wyoming, the Diamond Coal & Coke Company paid to John Mestas, as administrator of the estate of John Tasanen, deceased, the sum of $24.60, which was the full amount of the balance due and owing from the said company to the said Tasanen, or his estate or personal representatives, for work and labor performed by the said Tasanen for said company up to the time of his death, and

that said John Mestas, as such administrator, then and there receipted in full to said company therefor. That, so far as the Utah Savings & Trust Company is advised and believes, said John Tasanen at the time of his death had not, nor since his death has his administrator or personal representatives or his estate, any other claim or demand whatsoever against the said Diamond Coal & Coke Company for services rendered by said John Tasanen, or for any other cause, except a claim against the said Diamond Coal & Coke Company for damages for the death of said John Tasanen, by the wrongful act and negligence of said Diamond Coal & Coke Company, at Diamondville, Wyoming, on the 25th day of February, 1901." On the hearing the district court refused to set aside the order, and the plaintiff appeals to this court.

The errors assigned, on which this appeal is based, are as follows: "(1) The court erred in appointing the Utah Savings & Trust Company administrator of the estate of said deceased, for the reason that the court had no jurisdiction to make said appointment, as the undisputed evidence disclosed that the said deceased was not a resident of the county of Weber, State of Utah, at the time of his death, and did not leave estate therein. (2) The court erred in denying the petition of the Diamond Coal & Coke Company to set aside and vacate the order appointing the Utah Savings & Trust Company administrator herein, because it appeared that the court had no jurisdiction to make the appointment, and deceased at the time of his death was not a resident of the county of Weber, State of Utah, and did not leave estate or assets therein or elsewhere sufficient to confer jurisdiction upon this court. (3) That the district court was wholly without jurisdiction to appoint an administrator of the above-named deceased."

The respondent challenges the appeal to this court of the appellant on the grounds that it has no standing in court, and

that the order attempted to be appealed from is not a final order.

It is urged in support of the first contention that the appellant is not a party to the judgment. Section 3303 of the Revised Statutes of 1898 is, in part, "Any party to a judgment or decree may appeal therefrom." This question appears to be raised for the first time in this court. Section 3778 of the Revised Statutes of 1898 provides that "the provisions of the Code of Civil Procedure shall be applicable to and constitute the rules of practice in probate and guardianship proceedings." There was no demurrer to the petition to set aside the order of appointment in the district court, and, if this objection is good, it should have been raised by demurrer that the petitioner (appellant here) had no legal capacity to sue; and, not being so raised, it is waived.

We think, and so hold, for the purposes of this appeal, that the decree denying the appellant's petition to set aside the order of appointment is a final order. There was nothing further to be done in the matter, and the reasoning of this court in the case of Wilson v. Meyer, 23 Utah 529, 65 Pac. 488, applied to this case, settles the question against the contention of the respondent.

The main questions to be decided in this case are: (1) Can the district court appoint an administrator of the estate of a non-resident deceased, where the only assets of said estate consist of a right of action against a resident of this State, or (2) in case there are no assets at all?

Section 3774 of the Revised Statutes of Utah of 1898 reads as follows:

"Wills must be proved and letters testamentary or of administration granted:

"(1) If the decedent be a resident of the State, in the county in which he had his residence at the time of his death.

"(2) If the decedent be a non-resident of the State: first, in the county in which he may have died leaving estate therein; second, in any county in which any part of the estate may be, the decedent not having left estate in the county in which he died, or having died without the State.

"(3) In all other cases, in the county where application for letters is first made."

The authorities seem to be divided on the question of whether a claim for death by wrongful act is an asset of the estate of the deceased. We think the weight, however, leans to the side that it is. In view of the last paragraph of section 3774, we deem it is not necessary to follow either line, as the Legislature evidently had in mind cases in which the deceased was not a resident, nor did he leave property in this State. We think that the case at bar is covered by this provision of the statute. If there should be nothing which the administrator could legally do, it could harm nobody. If there should be something which an administrator ought to do, then the appointment would be necessary.

We hold that the appointment of the respondent as administrator by the district court was correct, and the action of the lower court in refusing to set aside the appointment was correct, and it is hereby affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur in result.
25 Utah—26.