In re LOWHAM'S ESTATE.
In re ECCLES' ESTATE.
In re MURRAY'S ESTATE.*

No. 1705. Decided May 12, 1906 (85 Pac. 445).

1. EXECUTORS AND ADMINISTRATORS — APPOINTMENT OF ADMINISTRATOR — EXISTENCE OF ASSETS.—Revised Statutes Wyo. 1899 sections 3448, 3449, provide that on death by wrongful act the party liable shall be liable in an action brought in the name of the personal representative of decedent and that the proceeds of such action shall be distributed as provided for the distribution of personal estates of intestates. *Held*, that, though a claim for damages under the statute is not a general asset of the decedent's estate, it is a sufficient asset for the purpose of appointing an administrator.[1]

2. DEATH — ACTION — JURISDICTION — LAW OF OTHER STATE.—The right given by the Wyoming statute to recover for wrongful death may be enforced in Utah through the medium of an administrator appointed by the courts of Utah, though the decedent's domicile at the time of his death was in Wyoming and though the injuries occurred there.[2]

APPEAL from District Court, Second District; J. A. Howell, Judge.

Judicial proceedings on the settlement of the estate of Joseph P. Lowham, deceased. From an order sustaining a mo-

1 In Tasanen's Estate, 25 Utah 396, 71 Pac. 984.

2 Utah Sav. & Trust Co. v. Diamond Coal & Coke Co., 26 Utah 299, 73 Pac. 524.

*What assets will give jurisdiction to appoint administrator, see note, 24 L. R. A. 68.

*Conflict of laws as to action for death or bodily injury, see note, 56 L. R. A. 193.

tion by A. I. Stone, the administrator, to dismiss a petition filed by the Union Pacific Railroad Company praying for the revocation of the letters of administration, and sustaining the administrator's demurrer to the petition, the railroad company appeals, with which were consolidated similar proceedings in the estate of Benjamin Franklin Eccles, deceased, and of William Murray, deceased.

AFFIRMED.

*P. L. Williams, Geo. H. Smith,* and *J. G. Willis* for appellant.

*W. L. Maginnis* for respondents.

### APPELLANT'S POINTS.

Under the constitution and laws of the state, the district court is invested with jurisdiction in the estates of deceased persons under the conditions prescribed by law. (Constitution of Utah, art. 8, sec. 7; Rev. St. 1898, sec. 670, also title 74, being the Probate Code.)

Appeals are also allowed from the final orders and decrees of the court in the administration of the estates of deceased persons. (Constitution, art. 8, sec. 9; Rev. St. 1898, sec. 3300.)

This legislative intent, we submit, is made entirely clear by the language of the various sections to which we have referred and the petition of intervention in this matter in the court below makes clear the interest of the Union Pacific Railroad Company in the matter of the appointment of A. I. Stone as administrator. That such a judgment or order as that made in the appointment of Stone cannot be impeached or attacked collaterally, is, we submit, in conformity with the current of authority, although there are some cases holding the contrary. Such holding, however, has been made by the Supreme Court of the Territory of Utah. (*Chilton v. Railroad,* 8 Utah 47; *Harris v. Chapman,* 9 Utah 101.)

We also invite the attention of the court to the case of *Fisher v. Bassett*, 9 Leigh 119, and also reported in 33 Am. Dec. 227; *Irwin v. Scriber*, 18 Cal. 500; *Grignon's Lessees v. Astor*, 2 How. 319.

This claim is not an asset of the estate and no other condition existed that brings the case within the cognizance of our courts. A carefully considered case is that of *Sanbo v. Coal Co.*, 130 Fed. Rep. 52.

### RESPONDENT'S POINTS.

Now there is no better established principle than that the debtor is liable to suit by his creditor in the state of the debtor's residence. The situs of a debt due an intestate is at the domicile of the debtor. (*Moore v. Jordan*, 13 Pac. 337; *Wyman v. Halstead*, 109 U. S. 654; *Owen v. Miller*, 10 O. S. 136; *Renier v. Hurlbut*, 14 L. R. A. 562.)

A large number of cases hold that whilst a claim for damages for death by wrongful act is not a general asset of the estate, that still it is a sufficient asset for the purpose of appointing an administrator. (*Brown v. Railroad*, 97 Ky. 228; *Findlay v. Railroad*, 106 Mich. 700; *Hutchins v. Railroad*, 44 Minn. 5; *Merkle v. Bennington*, 35 N. W. 846; *Griswold v. Griswold*, 20 So. 437; *Railroad v. Reaves*, 35 N. E. 199; *Robertson v. Railroad*, 99 N. W. 433; *Morris v. Railroad*, 23 N. W. 143.)

The true rule seems to be the rule laid down in *Morris v. Railroad*, 23 N. W. 143, that if the action can be maintained in the state where it is brought, the court may appoint an administrator for the purpose of bringing suit regardless of the residence of the deceased, or the place where he is injured. The same doctrine is laid down in the case of *Railroad v. Hurd*, 47 C. C. A. 615, 108 Fed. 116; *Railroad v. Shivell*, 18 S. W. 944; *Sargent v. Sargent*, 47 N. E. 121.)

A number of courts in construing similar statutes to our Utah statute, have adopted the same construction that this court did. (*Railroad v. Reaves*, 35 N. E. 199; *In re Jenkins' Appeal*, 58 N. E. 560; *Railroad v. Chafin*, 11 S. E. 891; *Sargent v. Sargent*, 47 N. E. 121.)

The railroad company is not an interested party within the meaning of the statute and it has no right to petition for the revocation of letters and has no right to appeal from the refusal to revoke.   (*Railroad v. Gould,* 64 Iowa 343; *Kent v. Railroad,* 6 Mackey 335; *Railroad v. Bradley,* 51 Neb. 596, 71 N. W. 283; *Drexel v. Berney,* 1 Dem. (N. Y.) 163; *Davis v. Mills,* 106 Ala. 158, 17 So. 323; *Railroad v. Bennett's Estate,* 49 Pac. 606; *Hardy v. Railroad,* 28 N. W. 219; *In re Mayo,* 38 S. E. 634; *In re Hardy,* 28 N. W. 219.)

McCARTY, J.

The same questions being involved in the foregoing cases they were consolidated on this appeal and heard together, and it was stipulated that the judgment rendered in the matter of the estate of Joseph P. Lowham, deceased, A. I. Stone, administrator, Union Pacific Railroad Company, appellant, should control, and be determinative of the other two cases. On March 30, 1905, William R. Lowham, a resident of the state of Wyoming, filed his petition in the district court of Weber county, Utah, praying that letters of administration of the estate of Joseph P. Lowham be issued to one A. I. Stone.   The petition alleges in substance that on Nov. 12, 1905, at Evanston, Wyoming, Joseph P. Lowham died intestate; that deceased left an estate in Weber county, Utah, consisting of a cause of action against the Union Pacfic Railroad Company for injuries resulting in his death; that deceased at the time the injuries were received, and at the time of his death was a resident of Wyoming.   Then follows the names and ages of the heirs at law of deceased.   It further appears that at the time the petitition was filed, the petitioner was the administrator of the deceased in the state of Wyoming.   Letters of administration were duly and regularly issued to A. I. Stone by the district court of Weber county, as prayed for in said petition.

It is admitted that the injuries which resulted in the death of the deceased were sustained by him in the state of Wyoming, and that letters of administration were obtained

in the district court of Weber county, Utah, for the sole and only purpose of bringing suit in this state against the railroad companies mentioned, to recover damages for the death of decedent. It further appears that on the 24th day of April, 1905, A. I. Stone, as administrator of Joseph P. Lowham, deceased, brought an action in the district court of Weber county, Utah, against the Union Pacific Railroad Company to recover damages in the sum of $20,000, on account of the death of said Lowham, which action is still pending and undisposed of. The Union Pacific Railroad Company filed its petition in the district court of Weber county, in which the foregoing facts are recited and set out, praying that the letters of administration issued to A. I. Stone, in said estate, be revoked, vacated, and set aside, and that he be discharged as such administrator. Stone appeared and demurred, and filed a motion to dismiss and strike the petition from the files for, the reason: (1) That the Union Pacific Railroad Company is not interested in the estate of said Joseph P. Lowham, and has no legal capacity or authority to appear therein. (2) That the petition does not state facts sufficient to authorize the court to grant the relief prayed for. The court made and entered an order sustaining the motion and demurrer, and the petition was accordingly dismissed, from which order the Union Pacific Railroad Company has appealed to this court.

Appellant's first contention is that the right created and given by the statute of Wyoming, to recover damages for the death of a person caused by the wrongful act of another in that state, is not such an asset of the estate of the deceased as will authorize the appointment of an administrator to bring suit to recover damages for death caused by such wrongful act. Section 3448, Revised Statutes, Wyoming, 1899, provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the wrongful act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then in every such case the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages notwith-

standing the death of the person injured, and although the death shall have been caused under such circumstances as amounts in law to murder in the first or second degree, or manslaughter."

Section 3449 of the same act provides that:

"Every such action shall be brought by and in the name of the personal representative of such deceased person; and the amount recovered in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate . . . and the amount so recovered shall not be subject to any debts or liabilities of the deceased."

While a claim for damages for death by wrongful act is not a general asset of the estate under the foregoing provisions of the Wyoming statutes, we think it is a sufficient asset of the estate for the purpose of appointing an administrator. This court, in effect, so held in the case of *In re Estate of Tasanen*, 25 Utah 396, 71 Pac. 984. The doctrine declared in that case is not only in harmony with the great weight of authority, but is, we think, supported by the better reason. (*Brown v. Railroad Co.*, 97 Ky. 228, 30 S. W. 639; *Findlay v. Railroad Co.*, 106 Mich. 700, 64 N. W. 732; *Hutchins v. Railroad Co.*, 44 Minn. 5, 46 N. W. 79; *Merkle v. Bennington* [Mich.], 35 N. W. 846; *Griswold v. Griswold* [Ala.] 29 South. 437; *Railway Co. v. Reeves* [Ind. App.], 35 N. E. 199; *Robertson v. Railroad Co.* [Wis.], 99 N. W. 433; *Morris v. Railroad Co.* [Iowa], 23 N. W. 143; 11 A. & E. Ency. Law [2 Ed.], 828.) Having determined that a claim for damages for death by wrongful act, under the statutes of Wyoming, is at least a special asset of the estate, the next question presented is, can the right thus given by the Wyoming statute be enforced in this jurisdiction through the medium of an administrator appointed by the courts of this state? This question was squarely presented and decided by this court in the case of *Utah Sav. & Trust Co. v. Diamond Coal & Coke Co.*, 26 Utah 299, 73 Pac. 524.

In view of the elaborate discussion of this branch of the case by appellant, in its brief, we have again given the subject careful consideration, and while there appears to be some

conflict in the authorities on this question, the doctrine declared in the case of *Utah Sav. & Trust Co. v. Diamond Coal & Coke Co.,* supra is upheld by the decided weight of authority. (*Morris v. Chicago, R. I. & P. R. Co.* [Iowa], 23 N. W. 143; *Stewart v. B. & O. R. Co.,* 168 U. S. 447, 18 Sup. Ct. 105, 42 L. Ed. 537; *Dennick v. Railroad Co.,* 103 U. S. 11, 26 L. Ed. 439; *Boston & M. R. Co. v. Hurd,* 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193; *Louisville & N . R. R. v. Shivell's Adm'r.* [Ky.], 18 S. W. 944; *Sargent v. Sargent* [Mass.], 47 N. E. 121.) It being admitted that the proceedings leading up to the issuance of letters of administration to A. I. Stone were in accordance with the provisions of the statute regulating such proceedings, we are of the opinion, and so hold, that the district court of Weber county had jurisdiction to issue said letters, and that it did not err in dismissing appellant's petition to have them revoked.

The judgment is affirmed, with costs.

BARTCH, C. J. and STRAUP, J., concur.