MRS. MOLLIE HOWARD *v.* NASHVILLE, CHATTANOOGA &
ST. LOUIS RAILWAY CO.*

(*Knoxville.* September Term, 1915.)

1. **EXECUTORS AND ADMINISTRATORS. Jurisdiction to appoint.
   Existence of assets.**

   An administrator may be appointed to bring an action for wrong-
   ful death wherever the defendant may be found, though the
   decedent was a nonresident and left no assets in the State
   other than such right of action, and though he sustained the
   injuries causing his death in another State, as the right of
   action itself is property and is transitory, and exists wherever
   the defendant may be found. (*Post, p. 23.*)

   Case cited and approved: Sharp, Adm'r., v. C., N. O. & T. P. Ry.
   Co., — Tenn., —.

2. **COURTS. Jurisdiction. Transitory actions. Actions for wrong-
   ful death.**

   A right of action for wrongful death is transitory and may be
   enforced against the defendant wherever he may be found, pro-
   vided it is not contrary to the policy of the forum and is al-
   lowed by the State wherein the injury occurred, except in
   those cases controlled by federal statutes. (*Post, pp. 23-25.*)

3. **COMMERCE. Liability for injuries. Statutory provisions.**

   The federal Employers' Liability Act (Act April 22, 1908, ch.
   149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657-8665]) in the
   cases to which it applies is necessarily supreme. (*Post, pp.
   25-35.*)

   Cases cited and approved: Mondou v. New York, N. H. & H. R.
   Co., 223 U. S., 1; Brown v. Railroad Co., 97 Ky., 228; Findlay
   v. Railroad Co., 106 Mich., 700; Hutchins v. Railroad Co., 44
   Minn., 5; Reiter-Connoly Mfg. Co. v. Hamlin, 144 Ala., 192;
   Washington Asphalt Block & Tile Co. v. Mackey, 15 App. D.

---

*The note in 47 L. R. A. (N. S.), 48 referred to in the opinion
on the federal employers' liability act is brought down in note in
L. R. A., 1915C. 47.

Howard v. Nashville, C. & St. L. Ry. Co.

C., 410; Western Union Telegraph Co. v. Lipscomb, 22 App. D. C., 104; Appeal of Jenkens, 25 Ind. App., 532; Mo. Pac. Ry. Co. v. Bradley, 51 Neb., 596; Boston, etc., R. Co. v. Hurd, 108 Fed., 116; Mo. Pac. R. Co. v. Lewis, 24 Neb., 848; Re Mayo, 60 S. C., 401; Jordan v. Chicago, etc., R. Co., 125 Wis., 581; Vance v. Southern Ry. Co., 138 N. C., 460; Richards v. Riverside Iron Works, 56 W. Va., 510; Fickeisen v. Wheeling Electrical Co., 67 W. Va., 335; Fann v. N. C. R. Co., 155 N. C., 136; Rivera v. Atchison, T. & S. F. Ry. Co. (Tex. Civ. App.), 149 S. W., 223; Gulf, C. & S. F. R. Co. v. Beezley (Tex. Civ. App.), 153 S. W., 651; Eastern Ry. Co. of New Mexico v. Ellis (Tex. Civ. App.), 153 S. W., 701; Hartford & N. H. R. Co. v. Andrews, 36 Conn., 214; Bruce v. Cincinnati R. Co., 83 Ky., 174; Anderson v. R. Co., 210 Fed., 689; Dennick v. Railroad Co., 103 U. S., 11; Stewart v. B. & O. R. Co., 168 U. S., 445; Dougherty v. American Mc-Kenna Process Co., Ann. Cas., 1913D; Lamphere v. Oregon R. & Nav. Co., 47 L. R. A. (N. S.), 48-84.

Cases cited and distinguished: In re Lowham's Estate, 30 Utah, 436; Pullman Palace Car Co. v. Lawrence, 74 Miss., 782; Knight v. West Jersey R. Co., 108 Pa., 250; Eingartner v. Illinois Steel Co., 94 Wis., 70; Nelson, Adm'r, v. Chesapeake & Ohio R. Co., 88 Va., 971; Southern Pacific Co. v. De Valle Da Costa, 190 Fed., 689; M. P. R. R. Co. v. Lewis, 24 Neb., 848; Dennick v. Central R. R. Co., 103 U. S., 11.

Case cited and disapproved: L. & N. R. R. Co. v. Herb, 125 Tenn., 408.

---

FROM HAMILTON

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—NATHAN L. BACHMAN, Judge.

THOMPSON, WILLIAMS & THOMPSON, for plaintiff.

BROWN, SPURLOCK & BROWN, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

In the early part of the year 1915, plaintiff's husband being engaged in the service of defendant, received at Bridgeport, Alabama, an injury from which he died eight hours later, in Chattanooga, Tennessee, to which place he had been at once removed, on the happening of the injury. The deceased was a resident of the State of Alabama at the time he was hurt. A few days after his death plaintiff, his widow, appeared before the county court of Hamilton county, Tennessee, and applied for and obtained letters of administration on his estate. She then brought an action against the defendant to recover damages for the alleged wrongful death. She filed her declaration containing several counts, one of these under the federal Employers' Liability Act, and one under the Alabama statute. This latter statute is substantially like our own on the same subject, but confers the right of action only on the administrator of the deceased. After the filing of the declaration the defendant moved the court to compel the plaintiff to elect between the right of action claimed under the federal Employers' Liability Act and that claimed under the Alabama statute. Before this motion was acted on, however, the defendant filed a petition in the county court of Hamilton county, praying that the letters of administration be recalled, on the ground that the decedent

left no property or estate in Tennessee that could furnish a basis for the appointment. The plaintiff answered the petition, claiming that there existed certain small items of property, and the right of action against the railroad company for the wrongful death. The existence of the small items referred to was denied and contested, but we deem it unnecessary to incumber the record with a further reference to these matters. We shall assume that the deceased left no property, except the right of action against the railway company for the alleged wrongful death. The county court held that this could not be treated as a basis for administration in Tennessee, if unaccompanied by technical assets subject to the payment of the debts of the deceased, and therefore entered a judgment recalling the administration previously granted. On appeal to the circuit court of the county this judgment was affirmed. The case was then appealed to the court of civil appeals, and that court reversed the circuit court. The case was then brought to this court by the writ of *certiorari.*

The defendant is a railroad chartered in Tennessee, and runs from Nashville, in Davidson county, Tennessee, to Chattanooga, in Hamilton county, Tennessee, but for a short distance passes through a part of Alabama, and in so doing through the town of Bridgeport, in that State. The defendant had at the time, and now has, a depot and offices in Chattanooga.

On these facts the question arises which we are to decide.

In the case of *Joseph Sharp, Adm'r,* v. *C., N. O. & T. P. Ry. Co.,* 179 S. W., 375 (Knoxville, September term, 1914), in which an opinion was filed at the present term, we had before us the question whether an administrator could be lawfully appointed in this State for a nonresident killed here who left no property except his right of action against the railway company that caused his wrongful death. In the opinion filed it was settled both on reason and authority that such jurisdiction existed. In the case before us the question of jurisdiction is presented on a different state of facts. The intestate was a nonresident, received the injury that caused his death in a foreign State, Alabama, was brought to Hamilton county, Tennessee, soon after the injury, and died within eight hours thereafter. He left no property (as we assume for the purposes of the present discussion), except his right of action against the railway company for causing his wrongful death.

Is there any fundamental difference in the two cases? We think not. Such a right of action is transitory, and may be enforced against the defendant wherever he may be found. This must be understood, of course, with the qualification that such action is not contrary to the policy of the forum, and with the further qualification that the right of action is that allowed by the State wherein the injury occurred, save only such cases as are controlled by the federal Employers' Liability Act or other federal act. Subject to these conditions, such rights of action are permitted

by comity in nearly all of the States of the Union. The extension of the comity seems to depend on the question whether the same or a substantially similar right of action is recognized by the laws of the forum, subject to the distinction, however, that where the laws of the foreign State are penal in their nature, comity will not be extended to them.

It is generally necessary, as a preliminary to the bringing of such actions, that an administrator be appointed in the State where the suit is to be brought; that is, the statutes creating the liability generally provide for its enforcement by an administrator. At this point the question arises whether it is essential that any property be found in such State, other than the right of action for the wrongful death, as a basis for the appointment of an administrator. In some cases where it is assumed, if not held, that the finding of such other property is essential, it has been held that the finding of an insignificant amount of property would suffice, $3 or $4, old clothing, or some other trifle. This fact shows the artificial and highly technical and wholly unsubstantial character of such a rule. And it is unreasonable and unnecessary. As pointed out in *Sharp* v. *Railway Co.*, supra, and other cases, the right of action itself is property; and it is transitory, and exists wherever the defendant may be found, and an administrator may be there appointed to collect it as in the case of debt. As shown in *Sharp's Case*, it is not material that such right of action is not available for the payment of the debts of the deceased.

If it be the administrator's duty to sue on the demand, it is not material that the law requires him to pay the amount recovered to the widow and children or next of kin, instead of to creditors. It is just as much his duty to sue in the one case as in the other; and it is just as much the duty of a probate court, county court, or other court having jurisdiction of such matters to appoint an administrator for this purpose or when only this purpose is to be served as it is to appoint when the administrator will have assets of both kinds to deal with—that is, assets for the payment of debts and assets devoted solely to the distributees of the intestate. Any other view must rest on the inherently false basis that the administrator is appointed solely for the benefit of creditors, or to realize assets devoted in whole or in part to them, to the ignoring of those which belong solely to distributees.

Furthermore, such a rule would make it impossible, in very many instances, to enforce the federal Employers' Liability Act. That act can be put in motion only by an administrator. Suits must be brought. There is no provision in the federal laws for the appointment of administrators. These must be appointed by the State tribunals. That act is as much a law of each State as if enacted by the legislatures of all the States, and it is as much the duty of the State courts to enforce it. *Mondou* v. *New York, N. H. & H. R. Co.*, 223 U. S., 1, 32 Sup. Ct., 169, 56 L. Ed., 327, 38 L. R. A. (N. S.), 44. In the cases to which it applies that law is necessarily supreme, being a law of the federal gov-

ernment. The right of action so given, being in its nature transitory, must apply to the defendant wherever found in these United States, since it proceeds from supreme power, and is not by its terms limited to any special locality.

Now, let us suppose a case in which it appears a man has been killed under such circumstances as to clothe his widow, and children or next of kin with the right to a recovery under that act, in a suit to be brought by the administrator of the decedent. The decedent left no other property except this right of action. Can any one suppose that a county court or probate court would be permitted to nullify this act of Congress by refusing to appoint an administrator on the ground that the decedent owned no other property except the right of action given him or his estate by the Congress? Take another case. In the same probate court an application for administration is made on the estate of a man who left $5 and the right of action referred to. Administration is granted on his estate, and denied on the other. Can the courts sanction such discrimination?

Or let us take this Alabama act. It likewise can be made effective only through suit by an administrator. Ought the right of action thereby given, which is equally property, as in the case of the other, and also transitory, and litigable wherever the defendant may be found—ought this right to be destroyed because the decedent was so unfortunate as to own no other property? Will it be said that the right could be enforced

in Alabama? But the same difficulty would perhaps be found there. Or let us suppose he had been killed in Alabama, not by a railroad company, but by some man of wealth whose home was in Tennessee, and to which State he returned after the homicide. Could the wrongdoer defeat justice through heading off the appointment of an administrator on the ground that the decedent owned no property in Tennessee, except the right of action, and thus permanently prevent the bringing of an action against him?

The foregoing questions, with the inevitable answers they suggest, show the unsoundness of the view that administration can be denied solely because the decedent left no other property than his right of action against the wrongdoer.

And so are the authorities. *Brown* v. *Railroad Co.*, 97 Ky., 228, 30 S. W., 639; *Findlay* v. *Railroad Co.*, 106 Mich., 700, 64 N. W., 732; *Hutchins* v. *Railroad Co.*, 44 Minn., 5, 46 N. W., 79; *Reiter-Connoly Mfg. Co.* v. *Hamlin*, 144 Ala., 192, 219, 40 South., 280; *Washington Asphalt Block & Tile Co.* v. *Mackey*, 15 App. D. C., 410; *Western Union Telegraph Co.* v. *Lipscomb*, 22 App. D. C., 104; *Appeal of Jenkins*, 25 Ind. App., 532, 58 N. E., 560, 81 Am. St. Rep., 114; *Missouri Pac. Railroad Co.* v. *Bradley*, 51 Neb., 596, 71 N. W., 283; *Boston, etc., R. Co.* v. *Hurd*, 108 Fed., 116, 47 C. C. A., 615, 56 L. R. A., 193; *Missouri Pac. R. Co.* v. *Lewis*, 24 Neb., 848, 40 N. W., 401, 2 L. R. A., 67; *Re Mayo*, 60 S. C., 401, 38 S. E., 634, 54 L. R. A., 660; *Jordan* v. *Chicago, etc., R. Co.*, 125 Wis., 581, 104 N. W., 803, 1

L. R. A. (N. S.), 885, 890, 110 Am. St. Rep., 865, 4 Ann. Cas., 1113; *Vance* v. *Southern Ry. Co.*, 138 N. C., 460, 462-464, 50 S. E., 860; *In re Lowham's Estate,* 30 Utah, 436, 85 Pac., 445; *Richards* v. *Riverside Iron Works,* 56 W. Va., 510, 49 S. E., 437; *Fickeisen* v. *Wheeling Electrical Co.,* 67 W. Va., 335, 67 S. E., 788, 27 L. R. A. (N. S.), 893, 898; *Fann* v. *N. C. R. Co.,* 155 N. C., 136, 71 S. E., 81; *Southern Pac. R. Co.* v. *De Valle Da Costa,* 190 Fed., 689, 111 C. C. A., 417; *Rivera* v. *Atchison, T. & S. F. Ry. Co.* (Tex Civ. App.), 149 S. W., 223; *Gulf, C. & S. F. R. Co.* v. *Beezley* (Tex. Civ. App.), 153 S. W., 651; *Eastern Ry. Co. of New Mexico* v. *Ellis* (Tex. Civ. App.), 153 S. W., 701. And see *Hartford & N. H. R. Co.* v. *Andrews,* 36 Conn., 214; *Bruce* v. *Cincinnati R. Co.,* 83 Ky., 174; *Anderson* v. *R. Co.,* 210 Fed., 689, 127 C. C. A., 277 (C. C. A. 6th Circuit).

That an action of the kind we have under examination is transitory and may be brought in any jurisdiction, if the statute giving the action is not inconsistent with the statutes or public policy of the forum, is shown not only by our own cases, cited in *Sharp* v. *Railroad,* supra, but the rule is quite general. *Dennick* v. *Railroad Co.,* 103 U. S., 11, 26 L. Ed., 439; *Stewart* v. *Baltimore & Ohio R. Co.,* 168 U. S., 445, 18 Sup. Ct., 105, 42 L. Ed., 537. And see the note appended to *Dougherty* v. *American McKenna Process Co.,* Ann. Cas., 1913D, 570, 571, and the cases there cited.

In *Pullman Palace Car Co.* v. *Lawrence,* 74 Miss., 782, 22 South., 53, and *Knight* v. *West Jersey R. Co.,* 108 Pa., 250, 56 Am. Rep., 200, it was held that the right of action would be entertained where the defendant was found, although both plaintiff and defendant were citizens of the same foreign State. The same rule was announced in *Eingartner* v. *Illinois Steel Co.,* 94 Wis., 70, 68 N. W., 664, 34 L. R. A., 503, 59 Am. St. Rep., 859. This latter was a case between a citizen of Illinois and a corporation of that State for an injury inflicted in Illinois. In *Nelson, Adm'r,* v. *Chesapeake & Ohio R. Co.,* 88 Va., 971, 14 S. E., 838, 15 L. R. A., 583, it was held that a recovery, in an action for death, brought by a duly appointed administrator, under an administration proceeding based on a statute of another State, giving a right of action to an administrator, but not providing that such administrator must be appointed in such other State so giving the right of action, will be a complete bar to an action in the latter State for the same wrong.

In the case of *Re Lowham's Estate,* supra, it appeared the death occurred in Wyoming. The administrator was appointed in Utah, and suit brought there; no other asset or property of the estate appearing except the right of action for the wrongful death. In *Fickeisen* v. *Wheeling Electrical Company,* supra, the facts, so far as they concern the present question, were that the intestate was killed in the city of Bridgeport, in the State of Ohio, by a current of electricity from the wires of the Bridgeport Electrical Company.

Asserting and believing that the Wheeling Electrical
Company, operating in Wheeling, West Virginia,
owned and controlled the poles and wires of the
Bridgeport Company, the plaintiff applied for admin-
istration in Ohio county, in the State of West Virginia,
was appointed administrator there, and brought suit
there to recover for the wrongful death. The defend-
ant filed a plea contesting the jurisdiction of the county
court in West Virginia to appoint an administrator,
since the death occurred in the State of Ohio. Re-
sponding to this objection, the court said:

"As the defendant company had its habitat in Ohio
county (West Virginia), we think the demand against
it was property of the estate of the deceased, so as
to confer such jurisdiction"—citing *Richards* v. *River-
side Iron Works,* supra.

In *Southern Pacific Co.* v. *De Valle Da Costa,* supra,
decided by the circuit court of appeals of the first cir-
cuit, it appeared that the intestate was at the time of
his death a servant of the defendant, a Kentucky cor-
poration; that a statute of that State gave a right of
action for wrongful death to be brought by an ad-
ministrator; that the intestate was killed on the high
seas in a vessel belonging to the defendant by negli-
gence of his employer while in the service of the latter.
It appeared that administration was taken out in Mas-
sachusetts, where the defendant was found; that the
estate of the intestate had no other property than the
right of action for the wrongful death; that a plea in
abatement was filed denying the validity of the grant

of the letters of administration; that upon the trial of this plea it was stipulated as follows:

"That unless the right of action against the defendant is assets in this jurisdiction, the deceased having no other property here, and not having been at the time of his death a resident of Massachusetts, the plea in abatement is to be sustained; but, if such right of action is assets sufficient to give jurisdiction to the probate court to appoint an administrator here, the plea in abatement is to be overruled; and the case is submitted to the court for a ruling on the matter."

It was held that the administrator was properly appointed in Massachusetts, and the action rightly instituted there. In the course of the opinion the court said:

"If the statute which gives the right provides for a suit by the personal representative, a question arises whether it is a personal representative appointed by the courts of the State wherein death was caused, a personal representative appointed at the decedent's domicile, or a personal representative appointed in the jurisdiction where the defendant is sued. . . . Though a defendant's liability may be clear, whatever course may be taken in an attempt to enforce this liability, there arise objections supported by good authority which imperil the substantial rights of those for whose benefit the liability was imposed. If administration be taken out in the place of the domicile of the deceased, objection is made that only the State which gives the right of action can appoint a legal rep-

resentative with authority to enforce that right of action. If a legal representative is appointed in such State, it is objected in the State wherein suit is brought that the authority of an administrator has the territorial limits of the State of his appointment. If suit is brought in the State of defendant's residence, a twofold objection may be made, that the administrator should have been appointed either at the decedent's domicile or in the State whose statute creates the right of action. . . . The right to administration is recognized whenever there are assets within the jurisdiction. Is a death claim assets for the purpose of the appointment of an administrator?

"The enactment of a statute giving an action for death, and requiring that it shall be brought by a personal representative, we think, should be regarded as a conclusive recognition of the right of administration to enforce such a claim. If a statute designates the personal representative of the deceased as the proper plaintiff, to limit the right to cases in which the deceased left assets other than the right of action would introduce an unreasonable and arbitrary distinction. To hold that suit might be brought in the State of Massachusetts for causing death of the deceased if the deceased left property in the State, but that it could not be brought if he had no property, would be to make a distinction in favor of persons who have estates against persons who have no estates—to deny the remedy to those most in need of it. . . .

"We think, further, that either the court of the State wherein the cause of action accrued or the court of the State wherein the defendant resides should recognize the right of action for wrongful death as a sufficient basis for the grant of letters of administration."

This case was followed in *Rivera* v. *Atchison, T. & S. F. Ry. Co.*, supra, in which it appeared that the deceased was killed in New Mexico, and in *Gulf, C. & S. F. Ry. Co.* v. *Beezeley*, supra. In both instances the administrator was appointed in Texas, and the action brought under the federal Employers' Liability Act. The same is true of *Eastern Ry. Co. of New Mexico* v. *Ellis*, supra.

In *M. P. R. R. Co.* v. *Lewis*, 24 Neb., 848, 40 N. W.; 401, 2 L. R. A., 67, it appeared that the deceased was killed in Kansas, the administrator was appointed in Nebraska, and the suit brought in the latter State under the Kansas statute. It was held that the suit was well brought.

In *Dennick* v. *Central R. R. Co.*, 103 U. S., 11, 26 L. Ed., 439, the facts were that the decedent was killed in a railway accident in New Jersey, the administrator was appointed in New York, and the action brought in the latter State. The New Jersey statute giving the cause of action provided that actions based on it should be brought by an administrator. It was objected in the case that an administrator could not be appointed in New York and bring suit there. The court held that the right of action was transitory, and the admin-

133 Tenn. 3

istrator might be appointed and the suit brought in any jurisdiction where the defendant might be found.

We are referred to the case of *L. & N. R. R. Co.* v. *Herb,* 125 Tenn., 408, 143 S. W., 1138, as an authority in opposition to the views herein expressed. As pointed out in *Sharp* v. *Railroad,* supra, the fundamental misconception in *Railroad* v. *Herb* was in the view that nothing could authorize the appointment of an administrator in this State except the existence of technical assets, capable of appropriation to the payment of debts, and specifically in holding that the existence of a claim for wrongful death would not alone justify such appointment. It is clear from the discussion in *Sharp* v. *Railroad,* supra, and from the discussion and authorities in the present case, that we must recede from the views entertained in *Railroad* v. *Herb* on the point just referred to.

It results that the court of civil appeals committed no error in reversing the trial judge, and in dismissing the proceedings instituted in the county court of Hamilton county to recall the administration previously granted in that court. The judgment of the court of civil appeals will therefore be affirmed.

We observe in the record a motion to compel the plaintiff to elect between the right of action claimed under the federal Employers' Liability Act, and that claimed under the Alabama statute. In what we have said as to the supremacy of the federal law we are not to be understood as expressing an opinion on this subject, as it does not come before us on the present hear-

Howard v. Nashville, C. & St. L. Ry. Co.

ing, and we find authorities on both sides of the question. Cases cited in notes 218 and 219, p. 79, of 47 L. R. A. (N. S.), parts of an extensive note on the federal act, under *Lamphere* v. *Oregon R. & Nav. Co.*, 47 L. R. A. (N. S.), 48-84.

MR. JUSTICE BUCHANAN dissents.