313 P.2d 455

**Matter of the ESTATE of Phyllis Rosander LEIGH, Deceased.**

**David K. Watkiss, Administrator, Appellant.**

**No. 8628.**

Supreme Court of Utah.

July 8, 1957.

Dwight L. King, Salt Lake City, for appellant.

Hanson & Baldwin, Arthur A. Allen, Jr., Salt Lake City, for respondent.

WADE, Justice.

Is there an estate of Phyllis Rosander Leigh, deceased, to be administered in this state, is the problem presented in this case. The trial court concluded that there are no assets or property of such estate in this state, and, therefore, there is no such estate to administer. On the petition of the Farmers Mutual Automobile Insurance Company, decedent's insurer, it vacated and set aside the appointment of an administrator of such estate. We conclude that this is a proper case for the appointment of an administrator of such estate and reverse the order appealed from.

The deceased lost her life in Tooele County, Utah, on May 29, 1955, from a collision between her car, which she was driving, and a car driven by Edward Rawlinkiewicz, who was injured by such collision. Letters of Administration of deceased's estate were issued to David K. Watkiss by the District Court for Tooele County, and thereafter Edward Rawlinkiewicz commenced an action to recover damages against such administrator for injuries claimed from the negligence of the deceased in driving her car and thereby causing such collision.

It does not appear that there is any tangible property in this state which belongs to deceased or her estate subject to administration here. However, at the time of her death there was, and now is, in force and effect in her favor a public liability insurance policy insuring her against liability from injuries resulting from the operation of the car she was driving at the time of her death. The Farmers Mutual Automobile Insurance Company was the insurer in such policy, and thereby agreed to pay on behalf of the deceased all sums which the insured shall become legally obligated to pay as damages caused by accident arising out of the use of such automobile within the United States and to defend any suit against the insured on account thereof and to pay all costs taxed against the insured.

The deceased at the time of her death was a resident of Minnesota, she having never lived in the state of Utah. The Farmers Mutual Automobile Insurance Company was incorporated and had its principal place of business in Wisconsin and was never qualified to do nor was it doing business within this state. Since the situs of the property right resulting from this insurance contract is usually held to be either at the residence of the insured or the insurance company, we are presented with the question of whether this is sufficient showing of property of the deceased within this state in order that an administrator of such an estate be appointed and function here.

In two different cases this court has held that no property within this state is necessary for the appointment and functioning of an administrator within this state. In

re Estate of Tasanen, 25 Utah 396, 71 P. 984, and In re Estate of Lowham, 30 Utah 436, 85 P. 445. In each of those cases the deceased was a resident of Wyoming, was killed by accident in Wyoming in the course of his employment by a corporation incorporated and doing business in Utah. In both of these cases the corportion was also doing business in Wyoming, and the administrator of the estate in Wyoming petitioned for the appointment of an administrator of such an estate in Weber County, Utah, for the purpose of suing on the death claim of the deceased in that county. Such claim was the only property of the deceased within this state.

In the Tasanen case the court in passing on this question said, on pages 400 and 401 of 25 Utah, on page 986 of 71 P.:

"The main questions to be decided in this case are: (1) Can the district court appoint an administrator of the estate of a nonresident deceased, where the only assets of said estate consist of a right of action against a resident of this state, or (2) in case there are no assets at all?

"Section 3774 of the Revised Statutes of Utah of 1898 reads as follows:

" 'Wills must be proved and letters testamentary or of administration granted;

\* \* \* \* \* \*

" '(3) ·In all other cases in the county where application for letters is first made.'

"The authorities seem to be divided on the question of whether a claim for death by wrongful act is an asset of the estate of the deceased. We think the weight, however, leans to the side that it is. In view of the last paragraph of section 3774, we deem it is not necessary to follow either line, as the Legislature evidently had in mind cases in which the deceased was not a resident, nor did he leave property in this state. We think that the case at bar is covered by this provision of the statute. If there should be nothing which the administrator could legally do, it could harm nobody. If there should be something which an administrator ought to do, then the appointment would be necessary."

Thus, in that case we held that if there should be something which an administrator ought to do in this state, then the appointment would be necessary under our statutes, even though there is no property or assets in this state. To the same effect is In re Lowham's Estate, supra, where this court said on page 441 of 30 Utah, on page 446 of 85 P.:

"While a claim for damages for death by wrongful act is not a general asset of the estate under the foregoing provisions of the Wyoming statutes, we think it is a sufficient asset of the

estate for the purpose of appointing an administrator. This court, in effect, so held in the case of In re Estate of Tasanen, 25 Utah 396, 71 P. 984. The doctrine declared in that case is not only in harmony with the great weight of authority, but is, we think, supported by the better reason." (Then citing a large number of cases.)

In Bancroft's Probate Practice, Vol. 1, Chapter 2, Sec. 30, pages 57 and 58 it states:[1]

"* * * The sole purpose of instituting probate proceedings may, however, be to obtain necessary authority to commence a suit to recover for the conversion of the only property of the estate, or a suit to set aside a conveyance made by the testator prior to his death. And where the sole property of a decedent is an equitable claim, the court may, in its discretion, treat this as property and grant letters of administration. There is some doubt, however, as to whether the existence of assets is jurisdictional. According to the better view, it is not; the question is one of propriety and for the exercise of a sound discretion upon the part of the court to which application is made. Whenever, at least, there is a possible right of action as for wrongful death or in respect of any claim or chose in action upon which a fair minded attorney would advise a client to bring suit, it would seem that such circumstance alone, in the absence of some inhibiting statute, should be and is sufficient to warrant the assumption of jurisdiction and the issuance of letters."

Bancroft cites a number of cases as authority for the above statement, including the foregoing Utah case.

In re Lamont's Estate, 95 Utah 219–226, 79 P.2d 649–652, this court made the following comment on these principles:

"The guardianship of a person having no estate would partake largely of personal elements; but the appointment of a guardian solely for the determination of the nature and quantum of an estate, like an administration of an estate, is an action in rem. Barrette v. Whitney, 36 Utah 574, 106 P. 522, 37 L.R.A.,N.S., 368; In re Estate of Tasanen, 25 Utah 396, 71 P. 984."

Section 75-4-2, U.C.A.1953, on who shall be appointed as administrator provides:

"* * * If none of the relatives entitled * * * will accept, then a creditor or other person having a claim in or adverse to the estate shall be entitled to letters * * *."

This expressly provides for the issuance of letters of administration to a person who

1. See Bancroft's Probate Practice, 2d Ed., Vol. 1, pp. 76–78, Sec. 30.

has a claim adverse to the estate and covers this situation. This provision was added to the previously existing statute in 1943, and it definitely indicates the legislature's intention to authorize the appointment of an administrator to administer claims against the estate in accordance with our previous decisions that an administrator should be appointed regardless of whether the estate has assets in this state, where there is something which an administrator ought to do. Such legislative intention and this provision are in accord with Bancroft's conclusion that wherever there is a possible right of action upon which a fair-minded attorney would advise a client to bring suit, such circumstance alone is sufficient to warrant the assumption of jurisdiction and the issuance of letters.

Usually there would be no purpose in appointing an administrator of a deceased's estate where there is no property of such deceased within the state. However, this is not always the case. In cases like this one, and cases like the ones presented in the Tasanen and Lowham Estates and the case where the administrator is appointed to defend the estate's interest in an action to quiet title to real estate to be brought against the administrator and probably other cases, a useful purpose may be served by the appointment of an administrator of such estate, so it is held that the appointment is valid, although, if the decision in the main suit is against the administrator, such decision might have the effect of showing that there was and never had been any assets of such estate within the state. An important purpose of an administrator is to defend claims against and prosecute claims in favor of the estate. It would be an unusual situation if we were to hold that an administrator should be appointed to defend the estate's interest in favor of or against claims, but that if such litigation determined that such claims were invalid and thereby showed that the deceased had no property in the state, this would prove that the court did not acquire jurisdiction to litigate such claims or appoint such administrator. This would be the effect of a holding that the court does not acquire jurisdiction where there is no property of the deceased within the state. To avoid such result it is generally held that a mere claim for or against the estate is sufficient asset to justify the appointment regardless of its validity, for a claim may have value although it may eventually be determined to be invalid. The obvious purpose of our law is to provide for the appointment of an administrator even though it is eventually shown that there is no property of such estate. An administrator may be appointed to litigate the validity of claims for and against such estate, and if assets are necessary, such claim is sufficient to warrant the assumption of jurisdiction to appoint an administrator of such estate.[2]

2. Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437, Annotation at page 1441; Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A.L.R. 558 with

There is a very recent case in which the Supreme Court of New Mexico[3] has reached the same result as we do. The facts in that case are distinguishable from the facts here only in that the insurance company was there qualified and doing business in that state. Although the court pointed that fact out, it did not indicate that the result would have been different without that fact. That court held that the insurance policy constituted an asset of the deceased's estate within the state of New Mexico although the deceased never resided there. This is tantamount to our holding that if there is anything for an administrator to do in this state it is a proper case for the appointment and functioning of an administrator even though technically there are no assets within this state.[4] Accordingly we conclude that if assets of the estate are necessary, a showing that there are such assets in this state has been made.

Under the foregoing conclusions it seems clear that if there is a claim against the deceased, this is a proper case for the appointment of an administrator in this state. Under Section 78-11-12, Laws of Utah 1953, any claim in favor of Rawlinkiewicz for deceased's negligence causing his injury would survive her death. The natural and proper place to determine whether she is liable for such injury is in Utah were the accident occurred and where most of the witnesses probably are, and where the cause of action arose. Although a judgment determining such liability may not be binding as res judicata or as requiring that other states give full faith and credit to it as against the Insurance Company, it not being a party to such action, still such judgment would be one link in the determination of the liability of the Insurance Company for such injuries, and in order to obtain such judgment the appointment of an administrator is a necessary step. The Insurance Company by its contract with deceased agreed to defend her against this kind of a suit and to pay all sums which she becomes legally obligated to pay by accident arising out of the operation of her car within the United States. So if in such a suit it should be determined that decedent is liable for Rawlinkiewicz' injuries, the Insurance Company has contracted to pay such liability and it would probably pay such claim thus established without further litigation. If, however, it refused to make such payment after its liability was thus established, there are ways and means to collect such obligations based on such judgment even though such judgment may not be res judicata as against the Insurance Company and may not require full faith and credit to be given thereto in other states against it.

Annotation commencing at page 565; also Annotation of this question at 34 A.L.R.2d 1270.

3. Miller v. Stiff, 62 N.M. 383, 310 P.2d 1039.

4. See notes 1 and 2 above and cases cited therein.

So we conclude that the trial court erred in setting aside the appointment of the administrator of the estate of the deceased.

The judgment on this question is therefore reversed with costs to appellant.

WORTHEN, J., concurs.

McDONOUGH, C. J., and CROCKETT and HENRIOD, JJ., concur in the result.