499 P.2d 858

**Jennie B. HANKS, Plaintiff and Respondent,**

v.

**Administrator of the Estate of Jens E. JENSEN, Deceased, Defendant and Appellant.**

**No. 12766.**

Supreme Court of Utah.

July 20, 1972.

---

1. Bizzelle v. State, 134 Tex.Cr.R. 467, 116 S.W.2d 385; Doyle v. Board of Barber Examiners, 244 Cal.App.2d 521, 53 Cal. Rptr. 420.

Tuckett and Ellett, JJ., filed concurring opinions.

Henriod, J., dissented and filed opinion concurred in by Callister, C. J.

———◆———

Wendell E. Bennett, of Strong & Hanni, Salt Lake City, for defendant and appellant.

Gary L. Gale, Ogden, for plaintiff and respondent.

CROCKETT, Justice:

The controversy in this case is over the validity of the appointment of an administrator of the estate of Jens E. Jensen. This appeal is an attempt to reverse the ruling of the district court refusing to remove the administrator.

In September 1968, while decedent Jensen was a resident of California he was involved in an automobile collision in which the plaintiff suffered injuries. Jensen later moved to the state of Illinois where he resided at the time of his death in January 1970. (While we do not regard it as controlling in this case, there appears to have been a probate of his estate in Illinois.) Meanwhile, State Farm Mutual Insurance Company, as the insurer for Jensen, had carried on negotiations in Ogden, Utah, with the plaintiff, and had there entered into a contract of settlement with her, and release of claims against Jensen. Subsequently, plaintiff sought to have the release set aside on the ground that it was obtained by duress.

Plaintiff filed a petition seeking the appointment of an administrator of the estate of decedent Jensen, which was duly granted. State Farm Mutual then filed a petition herein, complaining that it had not received notice, and alleging that plaintiff and her attorney,

. . . were both fully aware . . . [that it was the insurer] . . . [and that they] . . . either wilfully or negligently failed to designate State Farm Mutual . . . as the insurer . . . and as a person who should receive notice of the hearing of said petition, even though the rights of that insurer were the only rights in question in the case, . . . .

On the basis of the language just quoted, the petition asked that the appointment of the administrator be vacated. It is from a denial of that petition after a hearing thereon that this appeal is taken.

The order appointing the administrator must find sanction in our statute, which, it will be noted, is very broad in its terms:

75-4-2. WHEN A CREDITOR OR CLAIMANT ENTITLED. * * * If none of the relatives entitled * * * will accept, then a creditor or other person having a *claim in or adverse* to the estate shall be entitled to letters * * *.

It is of significance that the basis of the plaintiff's claim is a bifurcated one. It involves an attempt to set aside the contract of settlement and release executed between plaintiff and State Farm Mutual here in Utah, and quite beyond that, issues which may or may not arise relating to an attempt to assert a further claim against the estate of Jens E. Jensen. This was taken cognizance of and so recited in the findings (No. 12) of the trial court.

The principles involved as related to our statute above quoted, and the general law, were ably and clearly set forth by Justice Wade, In re Estate of Leigh.[1] In that case there was no tangible property belonging to a nonresident decedent, but there was in force a liability insurance policy. Indicating the propriety of granting letters of administration to determine the validity of plaintiff's claim, this court said:

* * * it is generally held that *a mere claim for or against the estate is suffi-cient asset to justify the appointment regardless of its validity,* for a claim may have value although it may eventually be determined to be invalid. The obvious purpose of our law is to provide for the appointment of an administrator even though it is eventually shown that there is no property of such estate. An administrator may be appointed to litigate the validity of claims *for and against such estate,* and if assets are necessary, such claim is sufficient to warrant the assumption of jurisdiction to appoint an administrator of such estate.

This court made another pertinent observation a long time ago in the case of In re Tasanen's Estate.[2] In upholding the appointment of an administrator where the only possible asset was a claimed cause of action the court stated:

* * * If there should be nothing which the administrator could legally do, *it could harm nobody.* If there should be something which an administrator ought to do, then the appointment would be necessary.

Our statutory and decisional law authorizing probate proceedings to litigate and determine the validity of an asserted claim is in harmony with the well-established general rule as stated by Bancroft:[3]

Whenever there is a possible right of action for wrongful death *or in respect*

---

1. 6 Utah 2d 299, 313 P.2d 455.

2. 25 Utah 396, 71 P. 984.

3. Bancroft's Probate Practice, Vol. 1, Chap. 2, Sec. 30.

*of any claim or chose in action upon which a fair-minded attorney would advise his client to bring suit it would seem that such circumstance alone,* in the absence of some inhibiting statute, *should be and is sufficient to warrant the assumption of jurisdiction and the issuance of letters.* [Citing cases.]

In the light of the foregoing authorities we redirect our attention to the contention of State Farm Insurance Company. It appears to be confronted with two horns of a dilemma: on the one hand, there is a claim being asserted against it (its insured) arising out of the contract of release which was executed and performed in Utah, and this being so, in accordance with our statute as above quoted, and the authorities we have referred to, it seems clear that our district court had jurisdiction to appoint an administrator so that the question of the existence of an asset relating to the claimed right of rescission of the contract of release could be determined. On the other hand, if it were correct in its contention that there is no such claim being asserted against it in Utah, then it would have no interest in this pro-

ceeding and no status to challenge the appointment of the administrator.[4] It should be here noted particularly that the petition to discharge the administrator was filed only by the State Farm Mutual Insurance Company, in its own name, and on its own behalf.

By way of precaution against this decision being misunderstood, it seems appropriate to make some further observations. Our decision and our concern here are only with the validity of the appointment of the administrator and only with affirming the trial court's rejection of the petition of State Farm Mutual to remove the administrator. We do not desire to conjecture either as to what further or other litigation may be attempted, or as to what issues might or might not arise relating thereto, or as to what the answers might be.[5]

Consistent with what has been said herein, it is our conclusion that the order of the district court rejecting the petition of State Farm Mutual Insurance Company to remove the administrator should be, and is hereby, affirmed. Costs to plaintiff (respondent). (All emphasis added.)

4. See Estate of Kandlbinder, 183 Neb. 178, 159 N.W.2d 199; and Missouri P. Ry. Co. v. Bradley, 51 Neb. 596, 71 N.W. 283.

5. That once appointed, the administrator would be the proper party to raise any defenses that would have been available to the decedent, see Schumacher v. Adams County Circuit Court, 225 Ind. 200, 73 N.E.2d 689; Re Smith's Estate, 240 Iowa 499, 36 N.W.2d 815; and Thompson v. Weimer, 1 Wash.2d 145, 95 P.2d 772.

TUCKETT, Justice (concurring):

I concur on the grounds that the State Farm Mutual Automobile Insurance Company, the appellant here, has no standing to object to the appointment of an administrator nor to seek the rescission of the letters issued.

ELLETT, Justice (concurring):

I concur with what is said in the main opinion but wish to point out another reason why the ruling of the trial court cannot be overruled. The notice of appeal states, "The plaintiff, State Farm Mutual Automobile Insurance Company, above named, hereby appeals to the Supreme Court . . . ." While this may be a typographical error, State Farm Mutual Automobile Insurance Company is neither plaintiff nor defendant. The caption of the notice of appeal is "Jennie B. Hanks, Plaintiff, vs. Administrator of the Estate of Jens E. Jensen, Deceased, Defendant."

State Farm Mutual Automobile Insurance Company is simply the insurer of Jens E. Jensen, deceased, and under its policy of insurance possibly would be obligated to defend the estate of the deceased in case an action should be commenced against its insured. No such action has as yet been filed, and when it is, then the so-called appellant can have its day in court. Until that event occurs, the State Farm Mutual Automobile Insurance Company is not a party to this proceeding, has no interest in who the administrator is, and is not entitled to appeal from any order of the trial court whether properly or improperly made. As a matter of fact, the trial court changed its original order appointing an administrator at the instance of the so-called appellant and appointed one David K. Winder as the administrator of the estate. Mr. Winder is a member of the law firm which now represents the purported appellant but has not joined in this appeal. There is nothing before this court to justify a reversal of the order made by the district court.

HENRIOD, Justice (dissenting):

I dissent since I am of the opinion that the court had no jurisdiction to appoint the administrator in this case. If this is correct, the contention that the insurance company had no standing in court would make no difference, since this court could decide the matter sua sponte.

The authorities cited in the main opinion do not seem to be applicable to the facts of this case. The Leigh case stands for nothing. Three judges did not subscribe to the principles enunciated therein but only in the result having to do with the appointment of the administrator in a case where a nonresident was particeps to a collision that occurred in Utah, not in California or

some other foreign jurisdiction as was the case here,—and where the forum is the situs of the collision, and where the long-arm statute might apply as to nonresidents.

The Tasanen case suffers the same type of infirmity, where there was no majority opinion as to principles enunciated, two of the three-man court having concurred only in the result. 1 Bancroft Prob. Pr., Chap. 2, Sec. 30, applies in my opinion to a cause of action arising in Utah, not to a case where the reason for appointment is to attempt bifurcation, as the main opinion here suggests, by a peripatetic route designed to 1) appoint a representative for the purpose of 2) setting aside a release between the petitioner and the insurance company,—not the decedent. Such indirect procedure presumably could justify 50 suits in 50 states, simultaneously or piecemeal, against one who never was domiciled there, had no assets there, committed no tort there and signed no contract there. This case might be simplified by asking a question: Had the deceased lived, could the petitioner have filed a lawsuit against him under the facts of this case? The answer would seem to be no,—and neither logic nor equity could assert that interment in a grave would provide an erstwhile impossible forum for litigation.

.

CALLISTER, C. J., concurs in the dissenting opinion of HENRIOD, J.