FINDLAY v. CHICAGO & GRAND TRUNK RAILWAY CO.

1. DEATH BY WRONGFUL ACT—RIGHT OF ACTION AS ASSETS OF ESTATE—NON-RESIDENT DECEDENT—ADMINISTRATION.

The right of action given to an administrator by 2 How. Stat. §§ 8313, 8314, for negligently causing the death of his intestate, constitutes assets of the estate of the deceased, within the meaning of section 5848, authorizing administration in case of the death of a non-resident "leaving estate to be administered in this State."

2. DIRECTING VERDICT—APPEAL—WRONG REASON FOR RIGHT INSTRUCTION—WHEN RULE INAPPLICABLE.

An instruction that the plaintiff has made no case under the pleadings, if in fact founded upon an erroneous ruling, will not be sustained under the contention that the error was without prejudice because of a fatal defect in plaintiff's proofs in another particular, where the omission relied upon was clearly an oversight, and might have been supplied had attention been directed thereto upon the trial.

Error to Wayne; Frazer, J.    Submitted October 9, 1895.    Decided October 22, 1895.

Case by Robert Findlay, administrator of the estate of Myrtle Findlay, deceased, against the Chicago & Grand Trunk Railway Company, to recover damages for the death of the intestate, alleged to have been caused by defendant's negligence.    From a judgment for defendant upon verdict directed by the court, plaintiff brings error. Reversed.

*Julian G. Dickinson,* for appellant.

*Geer & Williams,* for appellee.

MONTGOMERY, J.    Plaintiff sues as administrator of the estate of Myrtle Findlay to recover damages for the death of the intestate, claimed to have been caused by the negligence of defendant.    The circuit judge directed

a verdict for the defendant on the ground that the probate court of Wayne county, in which letters of administration were issued, had no jurisdiction. Plaintiff appeals.

1. The petition for administration averred:

"That Myrtle Findlay departed this life on the 20th day of October, 1893, leaving no last will and testament, as your petitioner is informed and verily believes; that she was killed near Battle Creek, Mich., in an accident upon the Chicago & Grand Trunk Railway; and that her whole estate consists of a right of action against the Chicago & Grand Trunk Railway Company for negligently causing her death; that said deceased was at the time of her death an inhabitant of the city of Hamilton, in said county of Wentworth, Ontario."

It is conceded that, if any Michigan probate court had jurisdiction to grant letters of administration, the probate court of Wayne county was a proper place to apply, but defendant's contention is that there was no estate of deceased to be administered within this State.

Sections 8313 and 8314 of Howell's Annotated Statutes provide:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default,  *  *  *  the person who  *  *  *  would have been liable if death had not ensued shall be liable to an action for damages.  *  *  *

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate."

Section 5848 of Howell's Annotated Statutes, relative to the administration of estates of deceased persons, provides:

"If such deceased person, at the time of his death, reside in any other State or country, leaving estate to be administered in this State, administration thereof shall be granted by the probate court of any county in which there shall be estate to be administered."

It is contended by defendant that the right of action for causing the death of the intestate does not constitute assets of the estate. We are of the opinion that the sections of the statute above quoted should be construed together. Section 8314 clearly contemplates that an administrator shall institute action, and distribute the funds received, if any. It could not have been contemplated by the legislature that the right to bring this action could be made to depend upon the question of whether the deceased left other property. We think it was clearly the purpose to treat this right of action as assets for distribution, and we hold, in accordance with the weight of authority, that it constitutes such assets, within the meaning of section 5848. *Hutchins* v. *Railway Co.*, 44 Minn. 5; *Brown's Adm'r* v. *Railway Co.*, (Ky.) 30 S. W. 639; *Morris* v. *Railway Co.*, 65 Iowa, 727; *Hartford, etc., R. Co.* v. *Andrews*, 36 Conn. 214. See, also, *Maysville, etc, Transfer Co.* v. *Marvin*, 8 C. C. A. 21; *Merkle* v. *Bennington Tp.*, 68 Mich. 133.

We are cited, in support of defendant's contention, to *Perry* v. *Railroad Co.*, 29 Kan. 420, and to *Jeffersonville R. Co.* v. *Swayne's Adm'r*, 26 Ind. 477. The statutes of Kansas and Indiana are substantially the same. Each provides that the damages must inure to the exclusive benefit of the widow and children, if any, or the next of kin, to be distributed in the same manner as personal property of the deceased.

2. But it is contended that the error was without prejudice, for the reason that the record contains all the testimony, and that there is no testimony which tended to show that the defendant was in any way responsible for the death of plaintiff's intestate, and that, therefore, the general instruction that plaintiff had made no case under the pleadings was properly given. The record does contain a statement that substantially all the testimony introduced on the trial is embodied in the bill of exceptions, but we think it is clear that the attention of neither court nor counsel was called to this claimed de-

fect in proof. If the point had been specifically made, it would have been the duty of the court to permit plaintiff to supplement his proofs by supplying testimony, the omission of which was evidently an oversight. See *Ross v. Ionia Tp.*, 104 Mich. 320; *Hoose v. Insurance Co.*, 84 Mich. 323. It is evident to us that the case turned upon the point first discussed, and, as there was error in the direction, the judgment will be reversed, with costs, and a new trial ordered.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. GRANT, J., did not sit.