## EARLE *v.* CONWAY.

ERROR TO THE SUPREME COURT OF PENNSYLVANIA

No. 219. Argued April 11, 1900. — Decided May 14, 1900.

A receiver of a National Bank may be notified, by service upon him of an attachment issued from a state court, of the nature and extent of the interest sought to be acquired by the plaintiff in the attachment in the assets in his custody; but, for reasons stated in *Earle* v. *Pennsylvania*, *ante*, 449, such an attachment cannot create any lien upon specific assets of the bank in the hands of the receiver, nor disturb his custody of those assets, nor prevent him from paying to the Treasurer of the United States, subject to the order of the Comptroller of the Currency, all moneys coming to his hands, or realized by him as receiver from the sale of the property and assets of the bank.

THE case is stated in the opinion.

*Mr. John G. Johnson* and *Mr. Asa W. Waters* for plaintiff in error. *Mr. W. H. Addicks* was on *Mr. Waters'* brief.

*Mr. James C. Stillwell* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This case differs somewhat in its facts from those in *Earle* v. *Pennsylvania*, *ante*, 449. It appears that on February 24, 1898, the appellee Conway, in an action of assumpsit in the Court of Common Pleas of the county of Philadelphia, ob-

tained a judgment against one John G. Schall for $1012.43.
Upon that judgment a writ of attachment was issued and
served May 24 and 25, 1898, upon the Chestnut Street National
Bank of Philadelphia and upon Earle, receiver, as garnishees—
the receiver having been appointed January 29, 1898—com-
manding them to show cause on a day named why the judg-
ment against Schall, with costs of writ, should not be levied of
his effects in their hands.

The bank and the receiver entered their appearance as de-
fendants and garnishees " for the purpose only of moving said
court to set aside the writ of summons in attachment sur-judg-
ment against him and them, and to dismiss and vacate all pro-
ceedings in attachment therein against him or them." That
motion was made upon the ground that the Court of Common
Pleas was without jurisdiction under section 5242 of the Re-
vised Statutes of the United States. The motion was denied,
and the order of the Court of Common Pleas was affirmed by
the Supreme Court of Pennsylvania.

We are of opinion that it was not error to deny the motion
to set aside the service of the writ of attachment on the bank
and the receiver. No sound reason can be given why the re-
ceiver of a national bank may not be notified by service upon
him of an attachment issued from a state court of the nature
and extent of the interest asserted or sought to be acquired by
the plaintiff in the attachment in the assets in his custody. But
for the reasons stated in *Earle* v. *Pennsylvania,* such an attach-
ment cannot create any lien upon specific assets of the bank in
the hands of the receiver, nor disturb his custody of those as-
sets, nor prevent him from paying to the Treasurer of the
United States, subject to the order of the Comptroller of the
Currency, all moneys coming to his hands or realized by him as
receiver from the sale of the property and assets of the bank.
After the service of the attachment upon the receiver it became
his duty to report the facts to the Comptroller, and it then be-
came the duty of the latter to hold any funds coming to his
hands through the Treasurer of the United States as the pro-
ceeds of the sale of the bank's assets subject to any interest
which the plaintiff may have legally acquired therein as against

his debtor under the attachment issued on the judgment in his favor in the state court.

As the judgment of the Supreme Court of Pennsylvania goes no further than to sustain the right of the plaintiff to have the attachment served upon the receiver as garnishee, it is

*Affirmed.*

MR. JUSTICE WHITE dissented.