# CHARLESTON.

ALLEN, ADMX. V. LINGER *et als.*

Submitted April 25, 1916.   Decided May 2, 1916.

1. MASTER AND SERVANT—*Injuries to Servant—Employment of Minor.*
    It is not negligence per se to employ a young man eighteen years of age, without the consent of his parents or guardian, to drive a team, and to go into the woods or forest where trees are being cut and felled, and to haul such logs and timber from the place or places where cut to a saw mill plant there operated by his employer.  (p. 280).

2. SAME—*Injuries to Servant—Pleading.*
    A declaration charging defendant with having so employed plaintiff's intestate to so drive a team into the woods and forest where trees were being cut and felled, a place of danger, and to there hold and watch the same, and by reason whereof and without fault on his part he was injured and killed by a falling tree, presents no case of actionable negligence on the part of the master.  (p. 280).

3. EXECUTORS AND ADMINISTRATORS—*Appointment—Eligibility.*
    A married woman with the consent of her husband, such consent being presumed from her appointment and qualification, is not, because of coverture, wholly disqualified to act as administratrix, and her appointment and qualification cannot be collaterally attacked in a suit brought in her fiduciary capacity for damages for the wrongful death of her decedent.  (p. 281).

Error to Circuit Court, Doddridge County.

Action by Sabina A. Allen, administratrix, against N. D. Linger and others.  Judgment for plaintiff, and defendants bring error.

*Reversed, demurrer sustained, case remanded.*

*G. W. Farr,* for plaintiffs in error.

*J. V. Blair* and *P. M. Ireland,* for defendant in error.

MILLER, JUDGE:

This is an action on the case for the death of plaintiff's son, Russell G. Allen, an infant under twenty one years of age, by the alleged wrongful act of defendants, N. D. Linger, W.

N. Satterfield, and P. S. Cutlip, partners trading as Morgansville Lumber Company, and while employed by said firm in and about their saw mill and lumbering camp in Doddridge County, in the capacity of a teamster and in hauling logs and lumber to and from said mill. On the trial plaintiff obtained a verdict and judgment for eighteen hundred dollars, and defendants sued out of this court the present writ of error because of numerous alleged errors committed on the trial.

Many errors are assigned; some are without merit; others involve legal propositions so well settled by previous decisions that if it was proper on this hearing it would serve no good purpose to repeat them in another opinion. As we view the case we are limited on this hearing to the questions presented by the demurrer to the declaration, and to another question of practice, which, though not presented by the demurrer, goes to the right of the plaintiff as administratrix to maintain this suit.

Disposing of these points in the order of sequence presented, first, should defendants' demurrer to the declaration have been sustained? It consists of but one count. After the inducement it avers that among others employed by them in carrying on their said business defendants, without the knowledge or consent of his parents or guardian, employed said Russell G. Allen in and about their said business, and that on and a short time prior to May 11, 1914, put him to work and caused him to take charge of and drive a team of horses into the woods and forest and to haul logs and timber from the place or places where they were then engaged in cutting and felling trees, and causing trees to be cut and felled by their employees, and where they knew trees were being cut and felled by other persons; and that defendants well knowing that there was great risk and danger in being in said woods and forest, and in handling and driving said team of horses, nevertheless requested, directed, and ordered said decedent, then and there being a youth of tender years and without experience and skill and on that account ignorant of and unable to appreciate the great risk and danger thereof, to stay with and to watch and hold said horses.

And by way of averring duty and negligence on their part,

it is further alleged that it was then and there the duty of defendants to use due and proper care and caution that plaintiff's said intestate should be provided with a safe place in which to do and perform his said labors, so that he might be safe and secure in all respects in his said employment and labor against which ordinary care could avail while so engaged, which defendants then and there wholly neglected to do, but on the contrary negligently requested, directed, ordered and caused him, the said Russell G. Allen to go and to take and drive said team of horses into said woods and forest, a place of danger, and to then and there hold, control, and watch the same, when and where said forest trees were being so cut and felled by the defendants, their servants, employees, and others, as was then well known to defendants, and that while so employed said decedent, without any fault or neglect on his part, was struck by a falling tree, and by parts thereof which were so caused to fall upon and strike him, by defendants, their servants, employees, and others, as aforesaid, whereby and by reason of being so struck his head was crushed, his skull fractured, brains punctured, legs broken, and his body mashed, torn and injured, and by reason whereof he then and there died, whereby damages had been incurred and sustained to the amount of ten thousand dollars.

In the inducement it is averred that the deceased was at the time of his death of the age of eighteen years. It will be observed that although the averments are that the deceased was employed by defendants as a teamster and to go into the woods and forest and to drive the team and haul and transport logs and lumber, and that he was then and there ignorant of and unable to appreciate the risk and danger incident thereto, it is not averred that his injuries and death were the result of want of skill, or ignorance on his part in the performance of the duties of his employment, or of negligence of the defendants in failing to instruct him respecting the same, nor is it averred that the decedent was ignorant of the dangers surrounding him while in the woods, by the felling of trees, nor that defendants were negligent in failing to instruct him how to avoid these dangers. No such acts of negligence are averred. The sole alleged breach of duty for which recov-

ery is sought is that having so employed deceased defendants breached their duty in failing to provide him a reasonably safe place to work by requesting, directing, ordering, and causing him "to go and take and drive said team of horses into said woods and forests, a place of danger, and to then and there hold, control and watch the same when and where forest trees were being cut and felled by said defendants, its servants and employees and by others as was then and there well known to said. defendants." It is not averred that defendants or their employees were negligent or unskillful in the manner of conducting the work of felling said trees, or that deceased was ignorant that these servants of defendants were in the act of chopping and felling the particular tree which caused his injuries and death, and did not know how, when so sent into the woods and forest, to avoid being caught or injured by falling trees; it is only averred in general terms that he was ignorant and unable to appreciate the great risk and danger surrounding him; and not that. defendants were guilty of any negligence in failing to instruct deceased how to avoid the risks and dangers incident to his employment.

Do these averments make out a case of actionable negligence? We have decided with respect to employees in coal mines, a rule applicable in other cases, that it is not negligence per se to employ a boy over fourteen years of age in a coal mine. *Gray* v. *Pocahontas Consolidated Collieries Co.*, 76 W. Va. 311, 85 S. E. 551, point 1, and cases cited. But we do not understand that right of action is predicated on negligence in employing the deceased because a minor, but that this averment is made by way of inducement, and as indicating the theory of the pleader that because of his age greater diligence was imposed upon defendants in the performance of those duties towards its employe than if an adult, negligence in which is sought to be averred in the declaration.

On the main question presented by the demurrer we do not think a case of actionable negligence is pleaded. It is not negligence per se simply to employ a workman and send him into the woods or forest to drive, manage and watch a team of horses, or to haul logs and timber, as alleged. True such employment is necessarily fraught with more or less

danger, as many other places of employment are, as in mills and factories, or upon railroad trains, and in railway yards. In all such cases the dangers are incident to the character of the business, and cannot by any possibility be made places of safety. But such places of employment, while dangerous, are not unsafe places to work, within the meaning of the law requiring a master to use due care to provide the servant with a reasonably safe place to work; nor can a master be charged with negligence in failing to do the impossible thing of making such places safe and so to render himself liable for injuries due to the dangers necessarily incident to such employment. To be liable the master must have omitted some duty to the servant, considering the nature of the employment, imposed upon him by law. In this case we think the declaration presents no case of negligence. The pleading properly interpreted amounts to no more than a charge of having employed deceased to work in the woods or forest, where trees were being felled, a dangerous place, and by reason whereof he was injured and killed. This was not negligence.

The other question, not actually presented by the demurrer, but one on which we think it proper to indicate an opinion, is whether the plaintiff, a married woman, living separate and apart from her husband, is competent to act as an administratrix, and to maintain this suit? At common law a married woman with the consent of her husband was not disqualified by reason of coverture to act in such representative capacity. Our statute, section 4, chapter 85, serial section 3991, Code 1913, does not in terms disqualify married women to act as administrators. True, section 9, of the same chapter, provides that: ''Where an unmarried woman who is personal representative, either alone or jointly with another, shall marry, her husband shall not be a personal representative in her right, but the marriage shall operate as an extinguishment of her authority; and the other personal representative, if there be any, may proceed in discharging the trust as if she were dead; and if there be no other, administration de bonis. non (with the will annexed if there be a will) may be granted by the court.'' Other states have similar statutes to this, and there the courts have held, construing them, that the effect

thereof is not to change the common law rule, except in the specific instance provided. 1 Woerner Am. Law of Administration, section 232; 11 R. C. L., sections 33, 34; *Berry* v. *Hamilton,* (Ky.) 54 Am. Dec. 515, elaborate monographic note, page 518. Certainly the appointment and qualification of a married woman as an administratrix must be presumed to have been done with the consent of her husband, and her appointment and qualification cannot be collaterally attacked.

Our opinion is, therefore, to reverse the judgment, sustain the demurrer to the declaration, and remand the case with leave to plaintiff, within a reasonable time, if so advised, to amend her declaration, and if not, to dismiss the case with judgment of nil capiat.

*Reversed, demurrer sustained, case remanded.*