## CITY OF DETROIT, MICH., v. BLANCHFIELD.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1926.)

No. 4544.

1. Courts ⚖️311—In action by guardian, his citizenship and not of his ward held to determine jurisiction of federal court (Judicature Act Mich. [Pub. Acts 1915, No. 314] c. 12, § 12).

Under Judicature Act Mich. (Pub. Acts 1915, No. 314) c. 12, § 12, providing that a guardian may maintain an action in his own name without joining his ward, for whose benefit it is brought, it is the citizenship of the guardian and not of the ward on which the jurisdiction of a federal court depends.

2. Parties ⚖️95(6)—Substitution of guardian for ward in title of action not error.

It is not error to substitute a guardian for his ward in the title of a cause, where there is no change in the cause of action and the guardian is the proper party to prosecute the action.

3. Municipal corporations ⚖️812(1)—Notice given by guardian of injury to ward as required by charter will support action by his successor.

Where charter required notice to city of claim for injury within 60 days after injury,

as condition precedent to suit, notice duly given by guardian of injury to ward will support action by his successor.

**4. Courts ⚖️324—Denial of alleged diversity of citizenship must be made by plea in abatement.**

Where diversity of citizenship is duly alleged, denial thereof must be made by plea in abatement, unless another method of presenting the issue is provided by the state practice.

**5. Courts ⚖️351½—Claim of fraud on jurisdiction, first made during trial, held properly denied, in conformity to state practice.**

Under state practice, requiring matters in abatement to be presented in advance of trial, motion to dismiss made during trial of action in federal court by a guardian duly appointed by a state court, on the ground that his appointment was for the sole purpose of creating diversity of citizenship, was properly denied, where no pleading was tendered properly presenting that issue, and a new action was then barred by limitation.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Action at law by John Blanchfield, guardian of Marion Killackey, against the City of Detroit, Mich. Judgment for plaintiff, and defendant brings error. Affirmed.

Clarence E. Page, of Detroit, Mich. (Charles P. O'Neil, of Detroit, Mich., on the brief), for plaintiff in error.

Harry C. Milligan, of Detroit, Mich., for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. John Blanchfield, guardian of Marion Killackey, a minor, recovered a judgment in the District Court against the city of Detroit for damages for personal injuries to his ward, alleged to have been caused by the negligence of the defendant.

[1] It is insisted that a federal court has no jurisdiction, for the reason that Marion Killackey, the minor, in whose interest the suit is brought, is a resident of the state of Michigan, and that, where the jurisdiction of a federal court depends upon a diversity of citizenship, the residence of the ward, and not of the guardian, controls.

Section 2 of chapter 12 of the Judicature Act of 1915 of the state of Michigan (Pub. Acts 1915, No. 314) provides that "every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of an-

other, or a party expressly authorized by a statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

It was held by the Supreme Court of the United States in Mexican Central Railway Co. v. Eckman, 187 U. S. 429, 436, 23 S. Ct. 211, 47 L. Ed. 245, that, where a guardian in the state of the forum has the legal right to bring suit in his own name, it is his citizenship, and not the citizenship of the ward, upon which the jurisdiction of the federal court depends. This is the latest decision of the Supreme Court to which our attention has been called, and is necessarily controlling. To the same effect is the decision of the second Circuit Court of Appeals in New York Evening Post Co. v. Chaloner, 265 F. 204, 213. The opinion in Toledo Traction Co. v. Cameron, 137 F. 48, 69 C. C. A. 28, was apparently written without reference to the Mexican Central Ry. Co. Case, then recently decided.

[2] It is also contended that the court erred "in permitting an amendment of the summons or declaration, or both, by substituting a different plaintiff in the person of John Blanchfield, guardian of Marion Killackey, a minor, in lieu of Marion Killackey, a minor, by John Blanchfield, her guardian."

We do not regard this change as of any importance. The action was in fact brought by John Blanchfield as guardian of Marion Killackey. The title of the cause does not alter the fact that the declaration affirmatively shows the suit was by the guardian for the benefit of his ward, and not by the ward herself. Even if the contrary appeared, it is not error to substitute a trustee or guardian for the beneficiary, where there is no change in the cause of action and the party substituted is the proper party to prosecute the action. Hines v. Smith (6 C. C. A.) 270 F. 132, 135, 136; New York Evening Post Co. v. Chaloner, supra, at page 213; Quaker City Cab Co. v. Fixter (C. C. A.) 4 F.(2d) 327, 328.

Marion Killackey, a minor, could not prosecute this action in her own name. The guardian was the proper party to bring and maintain the action in her behalf, and it is not necessary that she should be a party to the suit.

[3] It is further claimed that it was error to permit this amendment to the declaration, because Blanchfield, as guardian, did not comply with the requirements of section 12, chapter 12, of title 6, page 137, of the charter of the city of Detroit, which provides that no action shall be commenced after one year from the time the injury was received, or unless

written notice was served upon the corporation counsel or his chief assistant within 60 days from the time of the happening of such injury, and that the time had expired for giving such notice and bringing such action. It appears, however, that the former guardian of Marion Killackey fully complied with these provisions of the city charter. It was therefore wholly unnecessary for the present guardian to give the corporation counsel or his chief assistant another written notice, or to delay 60 days after giving a second notice before bringing this suit.

[4, 5] It is also claimed on behalf of the plaintiff in error that the trial court erred in not sustaining its motion to dismiss this cause, for the reason that Blanchfield was appointed guardian of Marion Killackey for the sole purpose of creating diversity of citizenship. This objection was first made during the trial of the case, almost two years after the injury occurred, and after a new action was barred by the provision of defendant's charter. Clearly this objection, made at this late date and under the circumstances above stated, ought not to be sustained, except for compelling reasons.

Where diversity of citizenship is duly alleged, or apparent in the declaration, denial thereof must be made by plea in abatement, unless the statutes, rules of pleading, practice, and procedure prevailing in the courts of the state in which the action is brought provide some other method for presenting this issue. Roberts v. Lewis, 144 U. S. 653, 656, 12 S. Ct. 781, 36 L. Ed. 579. In Michigan, pleas in abatement and pleas to the jurisdiction have been abolished by statute, but the statute further provides that such questions shall be raised by motion to dismiss, or in the answer or notice attached to the plea, and that when so raised the same may be presented for determination by the court in advance of the trial of the cause, upon four days' notice by either party.

Prior to the enactment of this statute the rule was firmly established in Michigan that the question of jurisdiction should be presented by a plea in abatement, or a plea to the jurisdiction, before pleading to the merits. Johnson v. Burke, 167 Mich. 349, 354, 132 N. W. 1017. The statute does not change this rule that the question should be timely made, but it does provide that issue may be raised by motion to dismiss or in the answer or notice attached to the plea. No matter how raised, it presents a distinct and separate issue, to be heard and decided by the court before the trial of the cause upon its merits. Abbott's Cyc. Michigan Practice (2d

Ed.) 1421 et seq. Nor does any different rule apply where the facts upon which the challenge to the jurisdiction are based appear for the first time during the trial of the cause. Johnson v. Burke, supra.

Because of the constitutional limitations of the jurisdiction of federal courts, a different rule necessarily obtains in federal jurisdiction. Where the jurisdiction of a federal court is invoked upon the sole ground of diversity of citizenship, the action will be dismissed whenever it clearly appears that there is no such diversity of citizenship, or that the interest of a nominal party to a suit is simulated and collusive, and created for the purpose of giving jurisdiction to a federal court. Little v. Giles, 118 U. S. 596, 7 S. Ct. 32, 30 L. Ed. 269; section 37, Judicial Code (Comp. St. § 1019).

In the instant case, the action was properly brought by the guardian of the minor. Diversity of citizenship is alleged in the declaration. The jurisdiction of the federal court must be determined by the citizenship of the guardian, and not the citizenship of the ward. The defendant, without challenging the validity of the guardian's appointment, either by plea in abatement or under the Michigan statute by motion, answer, or notice, pleaded the general issue. If it were conceded that a federal court has authority to inquire into the validity or regularity of the appointment of a guardian by a state court, a question upon which this court does not now express any opinion, because not necessary to the disposition of this cause, certainly that question should be presented and decided by the court before the cause is tried upon its merits. Perhaps a court might, in its discretion, if in its opinion the facts disclosed by the evidence in the trial of the cause justified such action, arrest the trial of the cause on its merits until that issue could be properly presented, heard, and decided upon consideration of all the evidence pertinent thereto; but that question, however, is not presented by this record. In this case the defendant did not ask the court for leave to withdraw its plea to the merits and challenge by appropriate pleading the regularity or legality of plaintiff's appointment as guardian, but contented itself with making a motion to direct a verdict for the reason "that there is an insufficient showing of citizenship, and that the testimony introduced here shows that the appointment of a guardian was for the sole purpose of giving color of diverse citizenship when there is no diverse citizenship in fact." This motion was

based solely upon the guardian's opinion as to the reason for his appointment.

The appointment of a guardian is a matter wholly within the jurisdiction and control of the state court. A federal court has no authority to control the discretion of a state court in making such appointment, or designate who shall or who shall not be appointed as guardian. The probate court of Wayne county had jurisdiction, not only to appoint a guardian for this minor, but also the authority to determine for itself the reasons for the appointment. Blanchfield may have been under the impression that he was appointed for the purpose of bringing this action in the federal court, but the court that appointed him may have done so for wholly different reasons.

The fact that an alien or a nonresident of the state, if appointed guardian, may bring an action in the federal court, is not necessarily a valid objection to his appointment. It is a matter that may be considered by the court making the appointment, in connection with the character and qualification of the person appointed and the best interest of the ward. Nor is the fact that this minor, or her counsel representing her, desire to bring this action in federal court, and were in part influenced by this consideration to request the appointment of Blanchfield as guardian, of itself a sufficient reason for the dismissal of this suit on the ground of fraud or collusion.

While, in a sufficiently clear case of collusion, it is the duty of the court to dismiss a case on its own motion, yet we think that the rather casual admission by the guardian, near the close of the trial, that he supposes he was selected because he was an alien, does not make a clear enough case of fraud or collusion—if it be a collusion at all—a question upon which we express no opinion, to justify dispensing with the safer practice of a special issue and a trial thereof.

Affirmed.