## ROBINSON v. FIRST NAT. BANK OF PLAINVIEW.

### No. 19.

District Court, N. D. Texas, Lubbock Division.

Dec. 8, 1930.

Williams & Day, of Plainview, Tex., and Beall & Beall, of Sweetwater, Tex., for the motion.

J. M. Wagstaff, of Abilene, Tex., and C. E. Mays, Jr., of Sweetwater, Tex., opposed.

ATWELL, District Judge.

The property for which suit is brought consists of money on deposit and promissory notes. This property was turned over to the bank by Taylor, acting as an executor under a will probated in Kentucky. Certain lands of the Kentucky decedent being situated in Texas, executor Taylor qualified under the probate laws of Texas and proceeded to collect the Texas property. Later he was removed by the Kentucky court, and the plaintiff in this suit named in his stead. The present plaintiff has not sought nor been clothed with any Texas probate authority. Prior to the institution of this suit, certain heirs to the Kentucky and Texas estate brought actions in the state courts of Texas, one of

which is now pending in Mitchell county and another in Nolan county. The plaintiff here is a party to one of them. An injunction and a garnishment have issued out of those suits against the defendant bank.

This motion to dismiss is bottomed on the proposition that the plaintiff has no authority to sue, and that the state courts, having entered the field first, are proceeding against the res.

One may sue for something in which he is interested, or he may sue in a legally recognized capacity for another. The plaintiff here asserts his right of recovery both individually and as a representative of the probate court of Kentucky. His petition shows that he has no personal right. He has had no contractual nor tort relation with the defendant bank such as would bring him within the ruling cases sounding in harmony with Moore v. Petty (C. C. A.) 135 F. 668, 673; Old Dominion Trust Co. v. First National Bank of Oxford (C. C. A.) 260 F. 22.

He appears solely as the legal representative of a deceased person, and his entire authority is found in the laws of the state of Kentucky, where he received his appointment. Such authority is not extraterritorial. It is local. He cannot enter Texas courts as such. Clarke v. Webster (Tex. Civ. App.) 94 S. W. 1088; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002, 1007; Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Hale v. Allison, 188 U. S. 56, 23 S. Ct. 244, 47 L. Ed. 380; Great Western Min. & Mfg. Co. v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Relfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337.

Ancillary letters in the state where the action is brought are necessary, unless the right so to do is conferred by the law of the forum. Morgan v. Potter, 157 U. S. 195, 15 S. Ct. 590, 39 L. Ed. 670; Johnson v. Powers, 139 U. S. 156, 11 S. Ct. 525, 35 L. Ed. 112; Moore v. Petty (C. C. A.) 135 F. 668, 672; Lane v. Lumber Co. (Tex. Civ. App.) 176 S. W. 100; Dial v. Gary, 14 S. C. 573, 37 Am. Rep. 737.

The second objection to the plaintiff's suit is less forceful. The pendency in a state court of a prior action between the same parties for the same cause furnishes no defense to a later action in the national court. Barber Asphalt Paving Co. v. Morris (C. C. A.) 132 F. 945, 67 L. R. A. 761; Barnsdall v. Waltemeyer (C. C. A.) 142 F. 415, 417; Lewis v. Schrader (D. C.) 287 F. 893; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; U. S. v. Deaver (C.

615

C. A.) 44 F.(2d) 913. But, on the other hand, the courts are equally alert for the preservation of the jurisdiction of that court which first takes possession or control, actual or potential, of the thing—the property. And there is no difference in the vigor and vitality of the rule, whether it be the state or the national court which is first. Ackerman v. Tobin (C. C. A.) 22 F.(2d) 541; Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457; Mercantile Trust Co. v. Binford (D. C.) 6 F.(2d) 285; In re Richardson's Estate (D. C.) 294 F. 349.

However, the injunction which has been issued out of the state court is useless. The last part of section 5242, Rev. St. U. S. (12 USCA § 91), is a complete bar to the issuance of an injunction by a state court against a national banking association. Originally it was thought that the statute was for the preservation of insolvent institutions, but, since Pacific National Bank v. Mixter, 124 U. S. 721, 8 S. Ct. 718, 31 L. Ed. 567, there has been no doubt that the remedy cannot be used under any circumstance. Van Reed v. People's National Bank, 198 U. S. 559, 25 S. Ct. 775, 49 L. Ed. 1161, 3 Ann. Cas. 1154.

Notwithstanding the statute, it has been held that the writ of garnishment may be validly and effectively served, since it is process, not against the bank nor its property, but it is for the purpose of reaching property or interests held by the bank for others. It is therefore thought not to interfere with the immunity of the national institution from any sort of supervision by state courts. Earle v. Pennsylvania, 178 U. S. 449, 20 S. Ct. 915, 44 L. Ed. 1146; Earle v. Conway, 178 U. S. 456, 20 S. Ct. 918, 44 L. Ed. 1149.

The motion to dismiss is sustained.