## HARRISON v. LOVE.
### No. 6852.

Circuit Court of Appeals, Sixth Circuit.
Jan. 16, 1936.

Dunham & Sherk, John M. Dunham, and Arthur R. Sherk, all of Grand Rapids, Mich., for appellant.

Leroy G. Vandeveer, of Detroit, Mich., and Floyd A. Rees, of Akron, Ohio (Vandeveer & Vandeveer and Fred L. Vandeveer, all of Detroit, Mich., on the brief), for appellees.

116

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a verdict and judgment for appellee in an action instituted under the provisions of the Ontario Fatal Accidents Act (ch. 183, Revised Statutes of Ontario, 1927, Secs. 2, 3 and 5), arising out of an automobile accident which occurred in Ontario, Canada, on August 10, 1932, and resulted in the death of appellee's decedent. Appellant is a resident and citizen of Berrien County, Michigan, and the deceased was a resident of Ohio. The Ohio administrator petitioned the Probate Court of Berrien County to appoint a special administrator. Appellee, a resident of Wayne County, Michigan, and a subject of Great Britain, was duly appointed administrator, and brought this action.

This being a transitory action, the statutes of Ontario with reference to the negligent operation of motor vehicles control. Young v. Masci, 289 U.S. 253, 258, 53 S. Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170. In his original declaration appellee set forth the Ontario statutes by reference. Appellant moved to dismiss the action. The court overruled the motion as to certain grounds but indicated that he would sustain it upon the ground that the statutes of Ontario were not sufficiently pleaded unless the appellee amended his declaration by curing the defect therein. The declaration was amended so as to fully set forth the Ontario statutes, and was filed after the expiration of the period limiting the commencement of such action to "within twelve months after the death of the deceased." Sec. 5, ch. 183, Revised Statutes of Ontario, 1927.

Appellant's principal contentions are:

(1) That the appointment of appellee as administrator was void for want of jurisdiction in the Probate Court of Berrien County.

(2) That the appointment of a subject of Great Britain as administrator and the bringing of the suit in the federal court were collusive.

(3) That the declaration failed to state a cause of action because the statutes of Ontario were insufficiently pleaded, a new and different cause of action being stated in the amended declaration so that the action expired by limitation prior to the amendment.

As to the first question, we think that the appointment by the Probate Court of Berrien County was not void. If the application for the appointment set forth the necessary jurisdictional facts, the action of the Probate Court in making the appointment cannot be attacked in a collateral proceeding. The presumption is that the action of the Probate Court, when properly invoked, is rightful. Morford v. Dieffenbacker, 54 Mich. 593, 20 N.W. 600; Johnson v. Johnson's Estate, 66 Mich. 525, 33 N.W. 413; Chapin v. Chapin, 229 Mich. 515, 201 N.W. 530; Heap v. Heap, 258 Mich. 250, 242 N.W. 252; Christianson v. King County, 239 U.S. 356, 372, 36 S.Ct. 114, 60 L.Ed. 327.

Appellant urges, however, that jurisdiction never attached because the petition for appointment does not set up the jurisdictional facts. The wife of the decedent, who was appointed administrator in Ohio, could not sue in Michigan. Jones v. Turner, 249 Mich. 403, 228 N.W. 796. She therefore filed in Berrien County, Michigan, a petition for special administration, the material allegations of which are as follows: "that she is interested in said estate; * * * that said deceased departed this life on the 10th day of August, 1932 * * * that said deceased left an estate within said County of Berrien, Michigan, to be administered, and that the estimated value thereof is as follows: Real estate, $ None; personal estate: a cause of action for wrongful death, $50.00 and upwards, as she is informed and verily believes."

Under the Michigan decisions this petition contained the essential jurisdictional allegations. The Supreme Court of Michigan, in Wilkinson, Adm'r, v. Conaty, 65 Mich. 614, 32 N.W. 841, 845, stating the facts necessary to be alleged to justify appointment of an administrator, said:

"But what are jurisdictional facts? They are that the person whose estate is to be administered died intestate, and was, at the time of his death, either an inhabitant or resident of the same county in which the application is made, or, if he died without the state, that he left an estate in the county to be administered. If these facts appear, the court has jurisdiction to appoint an administrator upon the petition of a party interested."

A similar holding was made in Re Estate of Nugent, 77 Mich. 500, 43 N.W. 889, 890, which decided that the petition there

attacked was sufficient in form and substance to confer jurisdiction upon the Probate Court. In this petition, while real property was averred to constitute part of the estate, its location and nature were not indicated. The personal property was less particularly described than in the instant case, the statement simply being that the deceased had "personal estate, $1,-000 and upwards." Here the petition sets forth that the deceased left an estate within Berrien County to be administered, and that this estate consisted of "a cause of action for wrongful death, $50.00 and upwards."

A right of action is as much property as is a corporeal possession. Power v. Harlow, 57 Mich. 107, 111, 23 N.W. 606; Love v. Detroit, Jackson & Chicago R. Co., 170 Mich. 1, 5, 135 N.W. 963. Under the Michigan statutes of descent and distribution (Comp.Laws Mich. 1929, §§ 14061, 14062) a right of action for wrongful death constitutes an asset of the estate. Findlay v. Chicago & Grand Trunk Ry. Co., 106 Mich. 700, 64 N.W. 732, 733. Here the entire estate was alleged to consist of a right of action for wrongful death. The court said: "We think it was clearly the purpose to treat this right of action as assets for distribution, and we hold, in accordance with the weight of authority, that it constitutes such assets, within the meaning of section 5848." Lincoln v. Detroit & Mackinac Ry. Co., 179 Mich. 189, 206, 146 N.W. 405, 51 L.R.A.(N.S.) 710; Maysville Street Railroad & Transfer Co. v. Marvin, 59 F. 91, 95 (C.C.A.6).

Under these decisions the jurisdictional facts essential for special administration affirmatively appear. The circumstances that appellant actually lived in Berrien County and that the personal representative of the deceased had a claim against him demonstrate that the controverted jurisdictional fact, namely that the deceased had property within Berrien County, existed. The appointment was valid.

■ As to the question of collusion, the District Court rightly overruled the motion. Appellee was regularly appointed administrator of the estate in Michigan. The motive that actuated these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship. Mecom, Adm'r, v. Fitzsimmons Drilling Co., Inc., 284 U. S. 183, 189, 52 S.Ct. 84, 76 L. Ed. 233. See, also, City of Detroit v. Blanchfield, 13 F.(2d) 13, 47 A.L.R. 314 (C.C.A.6).

■ As to the third question, the original declaration stated a cause of action. While the Ontario statutes were not sufficiently pleaded, they were not only identified by reference, but their substance was stated in the allegations of negligence. The declaration was imperfectly drawn, but it contained averments sufficient to show that the claim asserted was based on the statutes creating the right of action, and was brought by the proper party plaintiff. This being so, it could be amended, and the amendment would relate back to the date of the institution of the action. The District Court did not abuse its discretion in permitting the amendment. Mexican Central Ry. Co. v. Pinkney, 149 U.S. 194, 201, 13 S.Ct. 859, 37 L.Ed. 699. The amended declaration in no way changed the substance of the controversy. It is true that paragraph 14 thereof set out the provisions of a statute not theretofore pleaded or referred to, namely, chapter 27 of the Statutes of Ontario, 1930, whereby the comparative negligence rule is established for that province in personal injury cases. However, the cause of action was the same. It arose out of the same accident which resulted in the same death. Cf. Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 603, 12 S.Ct. 905, 36 L.Ed. 829; Atlantic & Pacific R. Co. v. Laird, 164 U. S. 393, 402, 17 S.Ct. 120, 41 L.Ed. 485. The same evidence was required to establish the material allegations of both the original and the amended declaration. As in Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 576, 33 S.Ct. 135, 57 L.Ed. 355, the change was in form rather than in substance. Paragraph 14 might properly have been omitted from the amended declaration. Being defensive in its nature, the paragraph properly belonged in a reply, and constituted surplusage as pleaded. Since the amendment merely amplified what the declaration alleged in support of the action already asserted, it was a continuation of the original action; it related back to the filing thereof, and was not barred by the limitation of the statute. Brown v. Erie R. Co., 176 F. 544 (C.C.A.6); Seaboard Air Line Ry. v. Renn, 241 U.S. 290, 36 S.Ct. 567, 60 L.Ed. 1006; New York Central & Hudson River R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294.

The judgment is affirmed.