CONSOLIDATED RENDERING COMPANY ET ALS.

*vs.*

MATTHEW W. McMANUS, RECEIVER

OF FIRST NATIONAL BANK OF VAN BUREN.

Aroostook.      Opinion, May 4, 1939.

*Pendleton & Rogers*, for plaintiffs.
*M. P. Roberts*, for defendant.

Sitting: Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

Dunn, C. J.   The defendant is receiver of a national bank in process of liquidation. The laws of the United States permit the bringing, in some instances, of suits against national banks whose affairs· are being wound up, or the receivers of such banks, in state courts. *Allen* v. *United States*, 285 F., 678, 682; *First National Bank* v. *Pahquioque Bank*, 14 Wall., 383, 20 Law Ed., 840.

For example, it would be competent to ascertain, in a state court, the nature and extent of the interest asserted or sought to be acquired, in specific assets in a receiver's hands. *Earle* v. *Conway*, 178 U. S., 456, 20 S. Ct., 918, 44 Law Ed., 1149.

On what principle the jurisdiction in the present case is insisted, we are quite at a loss to know; the plaintiff's brief is devoted wholly to what is contended to be the merits of the controversy. But we must suppose jurisdiction is claimed on the ground that the receiver, who appeared and answered the bill, could, in a situation like this, within his competency, submit himself, in the exercise of responsibilities confided to him, to the control of the court.

As a general rule, where the court has not jurisdiction of the cause of action or subject matter in a case, such jurisdiction cannot be conferred by consent or agreement. *State* v. *Bonney*, 34 Me., 223; *Powers* v. *Mitchell*, 75 Me., 364.

The ruling purpose of the instant proceeding was to extinquish certain interests or relationships concerning particular real estate, the record title of which the bank holds, and, on transfer of the property to a trustee, to be chosen and appointed by this court, subject such property to other and different interests, relationships, and likewise incumbrances. That is not permissible. *Earle* v. *Pennsylvania*, 178 U. S., 449, 20 S. Ct. 915, 44 Law Ed., 1146; *Earle* v. *Conway*, supra.

The bill alleges no ground for the exercise of the equitable jurisdiction of the court.

The bill is dismissed with costs.

*It is so ordered.*