## McWILLIAMS v. DAWSON et al.

### Civ. No. 758.

District Court, N. D. Texas, Dallas Division.

Feb. 1, 1943.

Cheek, Gibson & Savage, of Oklahoma City, Okl., and George Sergeant, of Dallas, Tex., for the motion.

Little & Smith, of Madill, Okl., and Richardson, Shartel, Cochran, Chilson & Pruet, and Earl Pruet, all of Oklahoma City, Okl., opposed.

ATWELL, District Judge.

The plaintiff, as administratrix, by appointment of the probate court of Dallas County, Texas, sues for $50,172.40 for the benefit of herself, as surviving spouse, and six minor children, for the alleged negligent death of Archie McWilliams, husband and father.

She claims that he was killed by the falling of a cable which spanned the Washita River. That one end of the cable was knowingly and negligently attached to a socket in such a manner that it was inherently and "imminently" dangerous. That it was sold and installed by the defendants to the Union Construction Company and Paul B. Reis.

The defendants are residents of Texas. The plaintiff is a resident of the state of Oklahoma, as are also the children.

The defendants move to dismiss on two grounds, (a) that the plaintiff being an appointee of the probate court of Dallas County, Texas, there is no diversity; (b) that there is no privity of contract between the plaintiff and the defendants.

Rule 17 of Civil Procedure, in subdivision (a), 28 U.S.C.A. following section 723c, provides that "every action shall be prosecuted in the name of the real party in interest; but an * * * administrator * * * or a party authorized by statute may sue in his own name * * *."

The fact that the probate court saw fit to appoint a resident of Oklahoma as administratrix, does not rob that person of her citizenship or residence. She is still a resident of Oklahoma. She alleges that both she and the children reside there. Residence rather than appointment is the determining factor in diversity. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Robinson v. First National Bank, D.C., 45 F.2d 613, affirmed 5 Cir., 55 F.2d 209.

The second ground must also be determined against the mover. Conceding that it is the general rule that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles, the exception is that an act of negligence by a manufacturer or vendor which is imminently dangerous to human life or health and which occurs in the preparation or sale of articles, makes the vendor or manufacturer liable for injuries resulting from his negligence. Standard Oil v. Murray, 7 Cir., 119 F. 572, 575; Ketterer v. Armour & Co., 2 Cir., 247 F. 921.

If the duty arises, without reference to any relation assumed by contract, from circumstances in which the presence or absence of a contract is equally immaterial, in a legal point of view, they are not restricted to persons who are parties or privies to a contract which happens to be involved, and the presence of the contract does not destroy their rights which flow from other circumstance with reference to the contract. Woodbury v. Tampa Water Works Co., 57 Fla. 243, 49 So. 566, 21 L.R.A.,N.S., 1034.

As stated in Huset v. J. I. Case Threshing Mach. Co., 8 Cir., 120 F. 865, a

manufacturer or vendor who delivers to another a machine or article which he knows to be imminently dangerous to the life or limb of anyone who may use it for the purpose for which it is intended, is liable to any one who sustains injury from its dangerous condition.

The defendants recognize this as the correct rule, both in Oklahoma where the happening occurred, and in Texas where the suit is brought, but claim that the allegations of the complaint are insufficient to bring the case within that rule.

The plaintiff alleges that "the pile driver was held in position by a crane, which crane was supported by and attached to the hoist machinery used in connection therewith by the two cables furnished and sold to the Union Construction Company and Reis by the defendants. That at said time and place, the socket, so attached to the end of one of said cables, became disconnected and that as a direct and proximate result, the crane, pile driver, and other equipment, fell upon the said Archie McWilliams * * * as a result of which he died." "That the death of said McWilliams was the result of the negligent acts of the defendants in that the defendants negligently, carelessly, and improperly attached said socket, it being then and there well known to them that if the socket was improperly attached the same would be imminently dangerous to the agents, servants and employees of the Union Construction Company."

The complaint then sets out in detail the manner in which the socket was attached to the cable and lays the negligent acts with reference thereto, and then concludes, "They negligently, carelessly, and improperly attached said cable to said socket so that the same parted and the socket became disconnected from the cable when the same was being required to support a load far less than that which the cable itself was capable of supporting. That the same was a hidden and latent defect, all of which was well known to the defendants, or, should have been known in the exercise of ordinary care."

The particularity of the allegation seems to bring the action within the recognized exception to the general rule which denies recovery where there appears to be no privity of contract.

The motion must be overruled.