Rella F. FENNELL, Administratrix of the Estate of Donald M. Fennell, Deceased, Appellant,

v.

MONONGAHELA POWER COMPANY, a corporation, Appellee.

No. 9914.

United States Court of Appeals Fourth Circuit.

Argued June 3, 1965.

Decided Sept. 9, 1965.

Robert E. Walsh, Pittsburgh, Pa. (Suto, Goldstein, Balzarini & Walsh, Pittsburgh, Pa., on brief), for appellant.

James M. Guiher, Clarksburg, W. Va. (Ernest R. Bell, Russell L. Furbee, Fairmont, W.Va., Steptoe & Johnson, Clarksburg, W.Va., and Furbee & Hardesty, Fairmont, W.Va., on brief), for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and WINTER, District Judge.

## PER CURIAM:

Diversity jurisdiction was disavowed by the United States District Court in West Virginia in the plaintiff's suit for the wrongful death there of a Pennsylvania citizen caused by a West Virginia corporation. The plaintiff, a citizen of Pennsylvania, had been appointed in that State, and she sued presently, as the administratrix of the intestate decedent. The ruling first recognized that the West Virginia statute vested such a cause of action in the decedent's personal representative but then applied a collateral statute denying a foreign administrator the right to "act" within the State. Code of West Va. 55–7–5, 55–7–6, and 44–5–3 (1961). On appeal plaintiff acknowledges, but asks reversal of, the doctrine of this Circuit expressed in Rybolt v. Jarrett, 112 F.2d 642 (4 Cir. 1940), requiring dismissal of the action.

The West Virginia denial has been made even more emphatic since Rybolt v. Jarrett. See Code of West Va. 44–5–3 (1961) Revisors' Note on Amendment of 1955. Moreover the Supreme Court of West Virginia had previously and has subsequently agreed with our enunciation of the State law. Welsh v. Welsh, 136 W.Va. 914, 69 S.E.2d 34, 40 (1952); Joseph v. National Bank of W.Va., 124 W.Va. 500, 21 S.E.2d 141 (1942); Curl v. Ingram, 121 W.Va. 763, 6 S.E.2d 483, 484 (1939); Wirgman v. Provident Life & Trust Co., 79 W.Va. 562, 566, 92 S.E. 415, 416, L.R.A.1918E, 715 (1917).

Despite the trenchant argument of the appellant, again we find no invalidity in the West Virginia statute. Indeed, we have reaffirmed our views on this point since Rybolt, in cases involving somewhat similar statutes of Virginia. Grady v. Irvine, 254 F.2d 224, 228 (4 Cir. 1958); Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R.2d 1043 (4 Cir. 1954). Decisions cited by the appellant to the contrary are inapposite because none had to deal with a statutory bar such as West Virginia's. E. g., Fallat v. Gouran, 220 F.2d 325 (3 Cir. 1954); Wallan v. Rankin, 173 F.2d 488 (9 Cir. 1949); Sonner v. Cordano, 228 F.Supp. 435 (D.C.Nev. 1963); Elliott v. Day, 218 F.Supp. 90 (D.C. Ore.1962); Citizens Fidelity Bank & Trust Co. v. Baese, 136 F.Supp. 683, 687 (D.C.M.D.Tenn.1955); Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 351, 83 N.E.2d 673, 675–676 (1949).

Moreover, Federal Rule of Civil Procedure 17(b) declares that the capacity of "one acting in a representative capacity" to sue "shall be determined by the law of the state in which the district court is held". No basis is perceived for the plaintiff's contention that our ruling is violative of Rule 82 directing that the Rules not be construed to "limit" the

jurisdiction of the District Courts. The West Virginia act not the Rules is here to blame. The statute was not intended as a curtailment of court jurisdiction; it is the promulgation of the State policy: that a non-resident shall not assume certain fiduciary functions in West Virginia. In the circumstances the policy will be enforced by the Federal courts. Rybolt v. Jarrett, supra, 112 F. 2d 642, 644; cf. Szantay v. Beech Aircraft Corporation, 349 F.2d 60 (4 Cir., 1965).

Agreeing with the District Judge, we affirm the dismissal.

Affirmed.