Sandra Smith **SILVIOUS**, Administratrix of the Estate of Ervin Edward Silvious, Deceased, and Hepner Brothers, Inc., a corporation, Plaintiffs,

v.

Melvin **HELMICK**, Defendant.

No. 68–5–M.

United States District Court
N. D. West Virginia.

Oct. 4, 1968.

Robert M. Steptoe, Avey & Steptoe, Martinsburg, W. Va., for plaintiffs.

Clarence E. Martin, Jr., Martinsburg, W. Va., for defendant.

## MEMORANDUM

MAXWELL, Chief Judge.

Death resulted from the complained of automobile accident which occurred on March 17, 1967, in Hampshire County, West Virginia, and as the result of which Plaintiffs, deceased's Administratrix and employer, sue to recover for the wrongful death of deceased and for the employer's property damage.

Defendant's motion to dismiss alleges that the appointment of the Administratrix in this litigation, who is a resident of Virginia, was a collusive attempt to obtain diversity jurisdiction and violates Title 28, Section 1359, United States Code. Defendant also challenges the capacity of the Administratrix to sue by pointing out that by state statute a nonresident of West Virginia can not be appointed administratrix in West Virginia.

Plaintiff insists that her appointment is not collusive, in violation of Title 28, Section 1359, United States Code, and denies that the appointment is void.

Rule 17(a), Federal Rules of Civil Procedure, provides that the real party in interest must bring the suit and that an Administrator may sue in his own name. Designation of the real party in interest, however, depends upon the state substantive law.

West Virginia law allows a cause of action for wrongful death. Section 55-7-5, West Virginia Code (Michie 1966). The statute further provides that "Every such action shall be brought by and in the name of the personal representative of such deceased person * * *." Section 55-7-6, West Virginia Code (Michie 1966). This designates the personal representative as the real party in interest and allows only the personal representative to bring a wrongful death action.

With regard to bringing a wrongful death action, Section 55-7-6, West Virginia Code, now reads: "Every such action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this State, or in any other state, territory, or district of the United States, or in any foreign country * * *" (Michie Supp.1968). This amendment, it must be noted, does not apply in this action, as it expressly does " * * * not apply to actions

brought for the death of any person occurring prior to the effective date hereof." The amendment was passed March 10, 1967, and did not take effect until 90 days thereafter. Legislature of West Virginia, Acts of 1967, Regular Session, Chapter 1. The accident occurred March 17, 1967, and deceased expired before the amendment took effect.

Defendant cites Section 44–5–3, West Virginia Code (Michie 1966), which provides that "No person not a resident of this State * * * shall be appointed or act as * * * administrator * *," to urge that Plaintiff here does not have the capacity to act as a West Virginia fiduciary since she is a resident of Virginia.

■ Plaintiff was appointed Administratrix by the County Court of Berkeley County, West Virginia. In making that appointment, the County Court must have determined Plaintiff had the capacity to act as Administratrix. For this Court to sustain the challenge to her capacity to act as Administratrix would be to collaterally attack such determination of that County Court. This cannot, and indeed should not, be done. The jurisdiction of the County Court is general, as applied to the appointment of administrators, and can only be attacked directly by appeal or proceedings in that County Court. Harrison v. Love, 81 F.2d 115 (6th Cir., 1936); Fickeisen v. Wheeling Electrical Co., 67 W.Va. 335, 67 S.E. 788, 27 L.R. A.,N.S., 893 (1910); Cicerello v. Chesa-

peake & O. Ry. Co., 65 W.Va. 439, 64 S.E. 621 (1909).[1]

In Starcher v. South Penn Oil Co., 81 W.Va. 587, 95 S.E. 28, the Court held that the appointment of a probate court cannot be collaterally attacked in a suit brought for an entirely different purpose. In its opinion, the Court cites Allen, Adm'x, v. Linger, 78 W.Va. 277, 88 S.E. 837, to support the premise that the appointment by the probate court is presumed valid and within the jurisdiction of the court. In *Allen* the appointment of a married woman as a personal representative, contrary to the express prohibition of the statutes, was held not to be open to collateral attack.

■ Since the County Court of Berkeley County has found that Plaintiff has capacity to act as administratrix, this Court has neither precept nor permit to negate that decision. Because of her appointment in West Virginia, Plaintiff is entitled to bring the action for wrongful death under the statute in effect at the time of deceased's death.

■ In determining whether there is diversity, the Court must look to the citizenship of the real party in interest, the Administratrix. Although she was appointed in West Virginia, she is a citizen of Virginia. The Court must look to the state of her residence or citizenship, not to the state of her appointment. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931); McWilliams v. Dawson, 48 F.

---

1. Harrison v. Love, 81 F.2d 115, 116 (6th Cir., 1936). In a suit for wrongful death, the administrator's appointment was challenged as void because the Probate Court making the appointment was without jurisdiction. The Court said: " * * * If the application for the appointment set forth the necessary jurisdictional facts, the action of the Probabe Court in making the appointment cannot be attacked in a collateral proceeding. The presumption is that the action of the Probate Court, when properly invoked, is rightful."

Cicerello v. Chesapeake & O. Ry. Co., 65 W.Va. 439, 64 S.E. 621, 623 (1909): " * * * it is certainly not the law

* * * of this state that the appointment by the county court of a nonresident administrator disqualified by the statute is absolutely void, and may be collaterally attacked. Whether one applying for administration be a resident within the meaning of the statute is often a question of law and fact, to be determined by the county court, a court of general and exclusive original jurisdiction of all matters of probate; and having such jurisdiction, its orders are generally not void, but only voidable on appeal, writ of error, or some other process of review provided by law, and cannot be questioned collaterally."

Supp. 538 (N.D.Tex. 1943).[2] Diversity exists in this case for Defendant is an alleged resident of West Virginia upon whom process was served (substituted service on his wife) in West Virginia and the Plaintiffs are both alleged residents of Virginia.[3]

Defendant has challenged the diversity here as a collusive attempt to confer jurisdiction on his Court in violation of Title 28, Section 1359, United States Code: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Although Defendant relies upon Martineau v. City of St. Paul, 172 F.2d 777 (8th Cir., 1949) to support his position, that case concerns the appointment of a guardian and does not reach the problem of Plaintiff's appointment as Administratrix in this case.

The general rule is that the appointment of an Administrator who would qualify under diversity rules is not col-

lusion within the meaning of Title 28, Section 1359, United States Code. In Black and White Taxicab & Transfer Co. v. Brown and Yellow Taxicab and Transfer Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681 (1928), the Supreme Court considered the question of collusion under Section 37 of the Judicial Code, the predecessor of 28 U.S.C. § 1359. In that case the Respondent corporation was organized in Tennessee through the efforts of a Kentucky corporation which was then dissolved. The transfer, induced by the motive of conferring jurisdiction of an actual dispute in the federal court, was nevertheless an actual and valid transfer in itself, not singularly a feigned or fraudulent transfer. The newly-created Respondent company was the real party in interest in the dispute. The Supreme Court held that jurisdiction was not collusively conferred on the district court and that the motive behind the transfer was not material.

In holding that the selection of an administrator for the purpose of

---

**2.** The problem in Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 186, 52 S.Ct. 84, 85, 76 L.Ed. 233 (1931) is the reverse of the problem in this case. In an attempt to destroy diversity jurisdiction, an administrator was appointed who was a resident of the same state as the Defendant. Although the appointment was made in a second state, the state where the beneficiaries resided, the Supreme Court held there was no diversity. " * * * the federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship."

In McWilliams v. Dawson, 48 F.Supp. 538, 539 (N.D.Tex., 1943), the court said: " * * * the fact that the probate court [in Texas] saw fit to appoint a resident of Oklahoma as administratrix, does not rob that person of her citizenship or residence. She is still a resident of Oklahoma. * * * Residence rather than appointment is the determining factor in diversity."

**3.** The present case is readily distinguished from Fennell v. Monongahela Power Co.,

350 F.2d 867 (4th Cir. 1965), wherein the civil action was brought in the district court in West Virginia by a Pennsylvania court appointed administratrix, notwithstanding the West Virginia statute prohibiting a foreign appointed administratrix from acting in her fiduciary capacity within the state. W.Va.Code, Sec. 44–5–3 (Michie 1966). This Court does not believe the teachings of *Fennell* were intended to be extended to the situation in this case. The court in *Fennell* aptly observed, at page 869, that the West Virginia statute, and not the Federal Rules of Civil Procedure, "is here to blame. The statute was not intended as a curtailment of court jurisdiction; it is the promulgation of the State policy: that a non-resident shall not assume certain fiduciary functions in West Virginia. In the circumstances the policy will be enforced by the Federal courts. * * * *" The circumstances of plaintiff's quest for jurisdiction here is validly different from that presented to the court in *Fennell*. Here plaintiff is a citizen and resident of Virginia but was appointed as administratrix by a West Virginia court and is acting and serving in this state in this fiduciary capacity.

diversity was not invalid under Title 28, Section 1359, United States Code, the Third Circuit Court of Appeals said that where there is a real and substantial controversy and the administrator is entitled to bring the suit, the court does not inquire into the motives for the appointment of the administrator. Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L.R.2d 711 (3rd Cir., 1959), citing Black and White Taxicab & Transfer Co., supra. The court in *Corabi* further explained that "collusion" carries the implication of an illegal agreement or understanding. In order to find collusion, the court must find that something improper or fraudulent is involved in the attempt to create diversity jurisdiction. The acts of a duly constituted forum of law and its appointment of an administrator is not of itself a secret or fraudulent occurrence.[4]

The 8th Circuit has held that, where an appointment is real and bona fide, even if the sole purpose is to create diversity, it will not be found to be collusive in violation of Title 28, Section 1359, U.S.C. To be a violation, the appointment must be colorable or feigned or for the purpose of perpetrating a fraud.

4. The Third Circuit Court of Appeals subsequently reversed Corabi v. Auto Racing, Inc., 264 F.2d 784, and held that, where *diversity jurisdiction is manufactured* by the appointment of a nonresident guardian for a child injured in an automobile accident solely to create diversity of citizenship, the federal district court is not vested with jurisdiction. McSparren v. Weist, 402 F.2d 867, (3rd Cir., October 2, 1968).

In McSparren the automobile accident occurred in Pennsylvania, the state where the injured minor and the defendants resided and had their citizenship. An out-of-state guardian was appointed to represent the child in the litigation solely for the purpose of creating diversity jurisdiction in the federal district court. In holding that the selection of a guardian fell within the prohibition of 28 U.S.C. § 1359, the Third Circuit pointed out that the controversy was essentially local and the guardian was only a straw party.

* * * The collusion exists between the nonresident guardian and the applicant for his appointment in the state

Curb and Gutter Dist. No. 37 of City of Fayetteville v. Parrish, 110 F.2d 902 (8th Cir., 1940); McCoy v. Blakely, 217 F. 2d 227 (8th Cir., 1954).

See also Lang v. Elm City Const. Co., 324 F.2d 235 (2nd Cir., 1963), and annotation, 75 A.L.R.2d 717.

For the reasons set out above Defendant's motion to dismiss will be denied.

proceeding as a result of which one who would not otherwise have been named as guardian has achieved the *status from which he claims the right* to sue because of his artificial selection solely for the purpose of creating jurisdiction. * * * In truth none of the considerations which normally lead to the selection of a guardian affects the local appointing court's determination because it knows that in the 'manufactured' diversity cases the guardian is not expected to manage any property for his supposed ward and usually will not continue in office or exercise any real function after any funds are recovered in the litigation.

The present case does not fall within the scope of *McSparren* for the accident in question here involved residents of different states and the appointed fiduciary, the wife of the deceased, is such a person as would ordinarily be expected to act as administratrix. The facts of the present case do not indicate that diversity here has been manufactured.